# Barr, to use of Berst, *versus* King and Miller, defendants, and the State Mutual Aid Association of Ohio, garnishee.

96 485
f39SC 221

A foreign corporation, which is qualified to do business in this state by having complied with the statutory requisites, may be made a garnishee in an execution attachment.

November 25th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas of *Mercer county:* Of October and November Term 1880, No. 162.

Attachment execution by M. R. Barr, to the use of Jacob Berst, against Wilson King and W. H. Miller, defendants, and the State Mutual Aid Association, garnishee.

Charles Miller, in his lifetime, resided in Erie, Pa. He had two sons, James S. and W. H. Miller. Charles Miller became a member of the State Mutual Aid Association of Columbus Ohio. His certificate of membership provided that at his death his said two sons should receive from said association the sum of $3000. Charles Miller died at Erie July 14th 1879, while a member of said association, leaving surviving him said two sons.

M. R. Barr, to the use of Jacob Berst, obtained a judgment against Wilson King, and the son, W. H. Miller, who survived Charles Miller, in the Court of Common Pleas of Erie county, at September term 1879, for the sum of $953.47. Said judgment was entered on the 19th of September 1879, on a note dated the 10th of January 1877. An exemplification of said judgment and record was taken and entered in the Court of Common Pleas of Mercer county on the 26th of November 1879, at October term 1879 of said court. And on the same day this execution attachment was issued, and on the 29th of November 1879, said attachment was served on W. B. Henry and Henry Hoomer, agents of the said State Mutual Aid Association, the said association being made the garnishee, to attach the money due from said association to said W. H. Miller, on the said certificate of membership of the said Charles Miller, deceased.

On motion the Court of Common Pleas of Mercer county, McDermitt, P. J., set aside the service of the said writ of attachment, on the ground that foreign corporations cannot be reached by service on agents, the court filing the following opinion :

" This is a motion to set aside the service of the execution attachment, upon the ground, inter alia, that the garnishee being a foreign corporation is not liable to an attachment as the garnishee between third parties. That said association is a foreign corporation is shown not only by the record itself, but by the certificate of the secretary of the Commonwealth, made out by him

[Barr *v.* King.]

under the provisions of the Act of 22d of April 1874, and which certificate was offered in evidence by the plaintiff himself. The first question is, can a foreign corporation be made a garnishee by service upon such agents as the uncontradicted testimony, or rather answers of Henry and Hoomer show themselves to be? An attachment in execution is a proceeding unknown to the common law. When it lies, who are liable to it, and the mode and manner of its service must be determined by the statutes calling it into existence and regulating the practice under it. In a suit against a corporation the process must at common law be served on its head or chief officers. Admitting that said association could at common law be made liable in this proceeding, the service, not having been made on its head or chief officer, is not legal. We say they are not its head or chief officers, because Henry and Hoomer, the agents upon whom the service was had, in their answers say they are agents for the purpose of procuring insurance only. Surely such an agency does not make them the head or chief officer of the corporation.

"The Act of 21st March 1849, Purd. Dig. 289, Pamph. L. 30, merely regulates the commencement of actions against foreign corporations upon their own contracts relating to their own business, and by their own creditors. By no necessary implication can this act be held to relate to the service of process for the enforcement of contracts to which foreign corporations are strangers, and that this association is a stranger to the contract between the plaintiff and defendants is clear. The Act of 22d April 1874 merely prohibits foreign corporations from transacting business in this state until they have established an office and appointed an agent in the Commonwealth. It no more than any former act has relation to contracts other than those between such corporations and their own creditors. The court, was cited to and can find no act by which a foreign corporation can be made a garnishee, and as it cannot be so made at common law, at least by a service on such agents as Henry and Hoomer, the service in this case must be set aside."

Barr took this writ and alleged that the court erred in setting aside the service of the attachment.

*George C. Burgwin, W. H. Sheakley, Wilson Laird* and *J. W. Wetmore*, for plaintiff in error.—In the commencement of any suit or action against any foreign corporation, process may be served on any officer, agent or engineer of such corporation: Act 21st March 1849, Purd. Dig. 287. Such service on an agent is sanctioned in the case of any insurance company or other corporation: Act April 8th 1851, Purd. Dig. 287. The Act of 1874 having provided for the appointment of an agent for the transaction of the business of the corporation, and this association having notified the Commonwealth of its compliance with the law, cannot nullify

the effect of the law and its own action by the testimony of its agents. Proceedings upon an attachment execution are essentially in the nature of a suit at law as against the garnishee. He may appear, plead and have a trial by jury and writ of error as in other actions at law : Jones *v.* N. Y. & E. Railroad Co., 1 Grant 457.

*George A. Allen. L. R. Rosenzweig* and *A. F. Henlein,* for defendant in error.—What remedy could the plaintiff have against the association ? Could they compel the association to make an assessment ? Would any of the members be obliged to pay what they had already paid ? If the plaintiff could have no remedy against the association, what is the object and purpose of the judgment ? It cannot be for the purpose of execution, as the court would be powerless to enforce it. The Statutes of 1849 and 1874, cited by plaintiff in error, apply only to the business of the corporation. It was not the intention of the legislature to permit creditors of individuals to harass and annoy foreign corporations by making them parties to suits in which they had no interest. The object and purpose of said acts were to make foreign corporations answerable to action against them within this Commonwealth.

Mr. Justice TRUNKEY delivered the opinion of the court, January 3d 1881.

No foreign corporation shall do any business in this Commonwealth without an office and agent therein for the transaction of its business, nor until it shall have filed in the office of the secretary of the Commonwealth a statement showing the location of its office or offices and the name or names of its agent or agents : Act April 22d 1874, Pamph. L. 108. A corporation may be sued in any county where it has an agency : Act 1851, Pamph. L. 354. In the commencement of any suit or action against a foreign corporation process may be served on its agent, and such service shall be good and valid in law to all intents and purposes : Act 1849, Pamph. L. 216. As shown by the statement, the office of the State Mutual Aid Association of Columbus, Ohio, is located at Greenville in Mercer county, and Henry and Hoomer are the duly authorized agents to transact its business in this state. The sole inquiry is, whether a foreign corporation, which is qualified to do business in this state by having complied with the statutory requisites, may be made a garnishee in an execution attachment.

This writ is in the nature of an execution against the defendant in the judgment on which it issues; but it is essentially in the nature of a suit at law against the garnishee, who may appear, plead, have a trial by jury, and writ of error, as in other actions at law: Fithian *v.* New York & Erie Railroad Co., 7 Casey 114. In that case it was decided that a foreign corporation that had accepted the privilege of extending its works through this state,

[Barr *v.* King.]

upon the condition, " that in all suits or actions which may be brought against said company, the service of process upon any manager, toll-gatherer, or other officer of the company shall be as good and available in law as if made on the president thereof," and that said company shall keep an officer, resident in the county of Susquehanna, could be made a garnishee in an attachment execution. There the defendant resided in New York, and had obtained judgment against the corporation in that state. It was said that the true intent of the ninth section of the Act of 1841, Pamph. L. 29, was to bring the corporation within the jurisdiction of this state to answer in all suits or actions at law which might be brought against it; and that an attachment execution is within the meaning of the act. Now by general statutes all foreign corporations, as a condition on which they may transact business in this state, must establish an office and have an agent, a chief purpose of which is, that process may be served, and such corporations be compelled to answer in all suits or actions brought against them. These statutes are so comprehensive as to embrace all actions to which such corporations are liable, and have like effect on them as the Act of 1841 had on the railroad company to which it specially applied. The language of that act relating to suits, service of process and keeping an agent, is substantially the same as in the general statutes of later date, and if that embraced an attachment execution so do these. The one made service on the manager or other officer, resident in the county, as available as if made on the president, the others declare that service upon the agent " shall be good and valid in law to all intents and purposes."

Natural and artificial persons, citizens of other states, who are doing business here, ought to stand on an equal footing with each other and with the citizens of this state. A natural person who is a citizen of another state, on coming within the jurisdiction of our courts is liable to all actions as if resident in this state; and legislation has done much to place foreign corporations on equality with domestic as respects the rights to sue and the liability to be sued. No reason exists why a foreign corporation engaged in business here should be exempt from attachment process. It is a proceeding against the garnishee personally for the value of the thing attached when the thing itself is not produced. If a debt be attached it compels payment to the creditor of him to whom the garnishee is indebted. The object is to appropriate the debtor's assets to payment of his debts, and this object ought to be favored. It may be accomplished whenever the court has jurisdiction over the person who has actual possession of the property, or who owes the debt, as well as when the property may be taken into possession by the officers of the law: Childs & Co. *v.* Digby, 12 Harris 25.

We are of opinion that a foreign corporation can be made a

[Barr *v.* King.]

garnishee. No other question is presented, and none which may arise hereafter can be anticipated.

The order of May 15th 1880, setting aside the service of the execution attachment upon the State Mutual Aid Association of Columbus, Ohio, as the garnishee of defendants, is reversed, and *procedendo* awarded.