# Eline, Appellant; *v.* Western Maryland Railway Company.

*Corporations—Foreign corporation—Jurisdiction—Proper county—Acts of June 8, 1911, P. L. 710, and April 8, 1851, P. L. 353, Section 6—Practice, C. P.*

1. The courts of a county where a summons in trespass for personal injuries is issued have jurisdiction against a duly registered foreign corporation if its headquarters are located and the cause of action arose in another county, the defendant having an office, depot and place of business in the first county, and its railroad being located and operated in both.

2. The right to maintain an action against a foreign corporation in a county where it transacts business but other than that in which it has its headquarters or transacts its principal business, and other than that in which the cause of action arose, is conferred by Section 6 of the Act of April 8, 1851, P. L. 353, providing that "When any......corporation shall have an agency or transact any business in any county in this Commonwealth, it shall and may be lawful to institute and commence an action against such...... corporation in such county;" and such right is not affected by the provision of the Act of June 8, 1911, P. L. 710, that process against foreign corporations registered in Pennsylvania "may be issued by any court.......having jurisdiction of the subject-matter in controversy in any county of the Commonwealth in which such corporation shall have its principal place of business, or any such county in which the action arose." The use of the word "may" in the latter act is not mandatory.

Argued Feb. 28, 1916.   Appeal, No. 429, Jan. T., 1915, by plaintiff, from final order of C. P. Adams Co., Aug. T., 1914, No. 173, setting aside service of summons and quashing writ in case of Annie K. Eline v. Western Maryland Railway Company.   Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ.   Reversed.

Trespass to recover damages for personal injuries on a cause of action arising in York County.

Rule to set aside service of- summons and to quash writ.  Before SWOPE, P. J.

The facts appear by the opinion of the Supreme Court. The court quashed the writ.  Plaintiff appealed.

*Error assigned* was in quashing the writ.

*J. Donald Swope,* with him *J. Cookman Boyd* and *John D. Keith,* for appellant, cited: Guffey v. Free, 19 Pa. 384; Bushel, et al., v. Commonwealth Ins. Co., 15 S. & R. 173.

*Charles S. Duncan* and *R. E. Cochran,* with them *George S. Schmidt,* for appellee.—The Act of June 8, 1911, P. L. 710, confines the issuing of a writ to the counties in which the foreign corporation has its principal place of business and that in which the right of action arose: Kolasky v. Delaware & Hudson Company, 25 Pa. D. R. 23.

The common law rule as to suits against corporations is still the general rule in Pennsylvania, and any exceptions to it must rest in clear, statutory authority: Park Brothers & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453; Woelpper, et al., v. Wilkes-Barre & Hazleton R. R. Co., 24 Pa. D. R. 236.

OPINION BY MR. JUSTICE MOSCHZISKER, March 27, 1916:

The Western Maryland Railway Company, defendant, is a duly registered foreign corporation; York is its principal place of business in this State, as its registration certificate filed with the secretary of the Commonwealth declares, and its railroad is partially located in York County.  The cause of action arose in York, but the suit was brought in Adams County, where the plaintiff avers the defendant "owned or leased and operated a certain railroad" and maintained "an office, depot and place of

business." On motion of the defendant, the writ was quashed; the plaintiff has appealed.

The question to be determined is: Do the courts of a county where a summons in trespass for personal injuries is issued have jurisdiction against a duly registered foreign corporation, if its business headquarters are located, and the cause of action arose, in another county, the defendant having an office, depot and place of business in the first county, and its railroad being located and operated in both?

The court below decided that the answer to the question involved depended upon the Act of June 8, 1911, P. L. 710, which provides that process against foreign corporations registered in Pennsylvania "may be issued by any court......having jurisdiction of the subject-matter in controversy, in any county of the Commonwealth in which said corporation shall have its principal place of business, or in such county in which the right of action arose," saying, inter alia, "The only jurisdiction given by this act to courts........is in the counties where the principal place of business is located or where the right of action arose; all other jurisdiction is excluded by thus indicating where such process may be issued."

The correctness of the conclusion reached by the learned court below depends upon the consideration of several acts of assembly. "At the common law a corporation could only be sued in the territorial jurisdiction where it had its legal domicile (Park Bros. & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453, 456); hence, without enabling legislation, no action could be maintained against a foreign corporation in the State of Pennsylvania. In 1817 an act was passed (Act of March 22, P. L. 128), in reference to suits against corporate bodies; but it was early doubted by the courts whether this legislation contemplated foreign corporations (see opinion of Judge PETTIT in Nash v. Rector, Church Wardens & Vestrymen of the Evang'l Lutheran Church, 1 Miles 78; also, in connection with this act, see opinion of Mr. Jus-

tice DEAN in Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114, 116-7). One of the earliest acts extant (Hagerman, et al., v. Empire Slate Co., 97 Pa. 534; Benwood Iron Works v. Hutchinson & Bro., 101 Pa. 359), changing the common law rule and permitting suits against foreign corporations, is that of March 21, 1849, P. L. 216, the third section of which provides that, in the commencement of a suit against such a body, process may be served at its "office, depot or usual place of business"; but, as stated by President Judge RICE, in Frick & Lindsay Co. v. Md., Pa. & W. Va. Telep. & Teleg. Co., 44 Pa. Superior Ct. 518, 524, this act "does not clearly and unequivocally give the right to sue......in any county......without regard to......where the corporation transacts its business or its corporate property is situated." So far as the language employed in the Act of 1849 is concerned, one might go further and say that, while it intimates a right to bring suit against a foreign corporation in the county where "its principal place of business" (the quotation is from Act of 1911, supra) is located, yet it fails even to make that clear as a grant of jurisdiction. Likewise, when we look at Section 42 of the Act of June 13, 1836, P. L. 568, which provides for "actions for damages occasioned by a trespass or injury done by a corporation," and refers to the "county in which such trespass or injury shall be committed," we again see a piece of legislation that assumes and intimates a jurisdiction in courts of counties where such causes of action arise without plainly providing therefor (Lehigh County v. Kleckner, 5 W. & S. 181, 187; in this connection, see also opinion by Judge THAYER in Lehigh Coal & Nav. Co. v. Lehigh Boom Co., 6 W. N. C. 222, 223); but Section 6 of the Act of April 8, 1851, P. L. 353, the title of which refers to "foreign corporations," unequivocally provides that "when any......corporation shall have an agency or transact any business in any county of this Commonwealth, it shall and may be lawful to institute and commence an action against such......

corporation in such county" (see opinion by SHARS-
WOOD, J., in Cochran v. Library Co., 6 Philadelphia 492,
to the effect that this act applies to all foreign corpora-
tions, and to such exclusively). Of course, the phrase
"transact any business" does not mean the doing of an
occasional piece of business, but the word "any" is, never-
theless, significant, and, evidently, was used to convey
the thought that, while the business transacted in a
county, in order to give jurisdiction, must be habitual
in character (Parke v. Comm. Ins. Co., 44 Pa. 422), yet
it need not be the chief affairs of the corporation. In
other words, counties other than those where a foreign
corporation has its headquarters, or transacts its prin-
cipal business, were intended to be covered by the lan-
guage employed in the statute, and it was evidently in-
tended to give jurisdiction to the courts of all counties
where a foreign corporation regularly carried on busi-
ness and habitually transacted any of its affairs (Barr,
to use of Berst, v. King, 96 Pa. 485, 487).

Thus, in 1911, when the act construed by the court be-
low was passed, there were upon the books three statutes
dealing with the subject now before us; the earlier two
treating of service and assuming jurisdiction in certain
instances, and the last definitely conferring it. The Act
of 1911, supra, is entitled, "An act to regulate the doing
of business in this Commonwealth by foreign corpora-
tions, the registration thereof and service of process
thereon, etc." While, in part, this act purports to deal
with the jurisdiction of the courts, yet, so far as it re-
lates to that subject, it seems merely to present an en-
deavor to make plain that which the legislature may well
have thought was veiled in some uncertainty, rather than
to inaugurate anything new. There is nothing in the lan-
guage employed in the statute that expressly limits or
cuts down any previously vested jurisdiction to entertain
suits against foreign corporations. If the act has any
effect upon the subject of jurisdiction, when it provides
that process against a foreign corporation "may" be

issued in any county "in which such corporation shall have its principal place of business, or in such county in which the right of action arose," it does no more than make plain the obscurily expressed intent of prior legislation, i. e., the Acts of 1836 and 1849, supra. The fact that the Act of 1911 fails expressly to note the already existing jurisdiction, conferred in 1851, to entertain suits against foreign corporations in counties where they habitually transact any regular business, cannot serve to take away the power of the courts in such counties, particularly when we note the use in this statute of the word "may," instead of the mandatory "must" or "shall," and the failure to repeal the prior Act of 1851 to which we have referred.

It must be admitted that, although the Acts of 1836 and 1849, supra, deal more with the subject of service than jurisdiction, yet they have been repeatedly and, perhaps, conclusively treated by the courts as conferring jurisdiction; nevertheless, in view of Mr. Justice MITCH-ELL's opinion, in Park Bros. & Co., v. Oil City Boiler Works, supra, construing the Act of July 9, 1901, P. L. 614, where he points out the material difference between legislation relating "solely" to methods of service and that conferring jurisdiction, the draftsmen of the statute passed in 1911 probably became unduly alarmed concerning what construction might in the future be placed upon these earlier statutes, and this, more than likely, explains the insertion in the Act of 1911 of the provision as to jurisdiction which gives rise to the question in the present case; however that may be, we are not convinced it was intended thereby, in any measure, to restrict the previously existing jurisdiction of the courts.

The construction which we place upon the act in question makes for accord with the rule as to domestic corporations (Bailey v. Williamsport & North Branch R. R. Co., supra; Jensen v. Philadelphia, Morton & Swarthmore St. Ry. Co., 201 Pa. 603; Park Bros. & Co. v. Oil City Boiler Works, supra) ; or, at least, it avoids a more

partial rule for foreign than domestic corporations. If the legislation upon the subject in hand compelled us to restrict actions against foreign corporations to counties where they maintained their principal place of business, or to those where the cause of action might arise, we should not hesitate to do so; but, as we have endeavored to show, when our prior legislation is viewed as a whole, and when the use of the word "may" in the Act of 1911 is considered, it is apparent that the construction of the court below to that effect is not required, and, since it unduly limits the jurisdiction of our courts in cases against foreign, as compared with domestic corporations, it should not be adopted.

In our review of the legislation upon the subject under discussion, we have not overlooked the Act of April 21, 1858, P. L. 403, entitled "An act to authorize the service of process in cases of nonresidents doing business in this Commonwealth;" but, since this statute has to do only with "service of process," it could not properly be construed as extending the jurisdiction of the courts: Park Bros. & Co. v. Oil City Boiler Works, supra. Neither have we failed to note Section 8 of the Act of March 21, 1842, P. L. 145, nor that of March 17, 1856, P. L. 388; nor the amendment to the Service Act of 1901, supra, passed on April 3, 1903, (P. L. 139); and, of course, we have given due heed to the historical aspect of the repealed Act of April 22, 1874, P. L. 108, passed to carry into effect Section 5, Article XVI, of the Constitution, which expressly ordains that "No foreign corporation shall do any business in this State without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served."

Counsel for the appellant, in their printed brief, say, "We do not complain because the service of the writ was set aside, for the service, it is admitted, was defective ......; our complaint is that the learned court erred in quashing the writ for want of jurisdiction." Since

a portion of defendant's railroad is located and operated in Adams County, where that corporation has and maintains an office, depot and local headquarters, ex necessitate, it must habitually transact a substantial part of its regular business there; hence we are of opinion that, in this transitory action, the court below had jurisdiction, and the writ should not have been quashed; the question involved, heretofore stated, must be answered in the affirmative.

The assignment of error is sustained, and the judgment is reversed with a procedendo.