## Gengenbach, Appellant, v. Willow Grove Park Co.

*Practice, C. P.—Service of process—Improper service—Corporations—Practice, C. P.—Setting aside service—Issue to determine facts—Acts of June 13, 1836, P. L. 568; March 21, 1842, P. L. 145; March 17, 1856, P. L. 388, and May 14, 1915, P. L. 483.*

1. At common law a corporation could only be sued where it had its legal domicile.

2. In the absence of some legislative permission, suit must be brought against a corporation only where the principal office is located, and the service made as directed by the Acts of June 13, 1836, section 42, P. L. 568; March 21, 1842, section 8, P. L. 145, and March 17, 1856, P. L. 388.

3. But an exception is upheld where defendant corporation conducts a substantial part of its business in another jurisdiction, exercising its franchises, and locating there the whole or part of its property.

4. In such case, it is not sufficient that the business transacted in the juridiction in which the proceeding is instituted is merely transient, it must be shown to be material.

5. Where a corporation has been wrongfully summoned, a rule to show cause why the writ should not be set aside is proper, or jurisdiction may be challenged under the Practice Act of 1915, P. L. 483, by an affidavit of defense raising a question of law; and, if necessary to determine the controlling facts, a preliminary jury trial may be had.

6. Where a petition by defendant to set aside service on a corporation because of lack of jurisdiction, is met by an answer

which does not justify a finding that there was a right to maintain the action where the suit was brought, and no replication is filed or depositions taken, an order setting aside the same will be reversed on appeal, with a procedendo.

7. In such case, testimony should be taken to show the corporate activities of the corporation, or an issue framed and the question of jurisdiction properly disposed of.

Miller Paper Co. v. Keystone Coal & Coke Co., 267 Pa. 180, and 275 Pa. 40, followed.

Argued March 25, 1924. Appeals, Nos. 294 and 295, Jan. T., 1924, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1923, No. 5068, making absolute rule to set aside service of writ and return thereof, in case of Albert W. Gengenbach, by his father and next friend, William Gengenbach, v. Willow Grove Park Co., and William Gengenbach, in his own right, v. Willow Grove Park Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Rule to set aside service of writ and sheriff's return thereof. Before BARTLETT, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Plaintiffs appealed.

*Error assigned* was, inter alia, in setting aside the service, referring by pages to the record.

*Daniel G. Murphy,* of *Murphy & Levy,* for appellants. —The service was proper: Lehigh Nav. Co. v. Boom Co., 12 Phila. 540; Taylor Boro. v. Tel. Co., 16 Pa. Superior Ct. 344; Eby v. R. R., 6 W. N. C. 385; Cleaver v. Carlisle Co., 2 Dauph. 399; DeHaas v. R. R., 261 Pa. 499; Bailey v. R. R., 174 Pa. 114; Park Bros. v. Boiler Works, 204 Pa. 453; Jensen v. Ry., 201 Pa. 603.

*Thorpe D. Nesbit,* with him *Bernard J. O'Connell* and *Coleman J. Joyce,* for appellee.—Plaintiff's case fails to meet the jurisdictional requirements: Gross v. Machine

Works, 277 Pa. 363; Parke v. Ins. Co., 44 Pa. 422; Bailey v. R. R., 174 Pa. 114.

OPINION BY MR. JUSTICE SADLER, April 14, 1924:

The plaintiffs, father and son, brought suit to recover damages alleged to have been caused by the negligence of defendant. The injury complained of occurred in Montgomery County, where the corporation maintains its principal office. The suits were brought in Philadelphia, and defendant presented a petition to set aside the service there made on the president of the Willow Grove Park Company, it being averred the court of Montgomery County alone had jurisdiction to decide the matter in controversy. An answer was filed to the rule granted to set aside the service, in which it is insisted that the defendant "exercises its corporate functions within the County of Philadelphia; that the said Willow Grove Park Company has property, assets, accounts receivable and accounts payable within the County of Philadelphia; that the vast majority of the business of the Willow Grove Park Company is transacted with the residents of the County of Philadelphia......"; and, further, that the president resides therein. It was upon this officer that the actual process was served, as shown by the return of the sheriff. The court below, though no replication was filed, made the rule absolute and set aside the writ.

The plaintiffs now contend this was error, and that the suit can be maintained where it was instituted, because the defendant carries on a substantial part of its affairs there, though the cause of action arose in another jurisdiction, in which the principal business of the corporation is conducted. At common law, such body could be sued where it had its legal domicile. The Act of June 13, 1836, section 42, P. L. 568, authorized a suit in any county where the cause of action arose, but the jurisdiction was broadened by the Act of 1842 (March 21, section 8, P. L. 145), which permitted the institution of

proceedings when the corporate property was wholly or in part situated in another district, and this power was reaffirmed by the Act of March 17, 1856, P. L. 388. Later, we find legislation regulating service where the action is transitory (Act of July 9, 1901, P. L. 614, amended by the Act of April 3, 1903, P. L. 139), but these statutes were not meant to extend jurisdiction, and only provide means of executing process where such existed: Park Bros. v. Oil City Boiler Works, 204 Pa. 453. The relevant acts of assembly have been quoted at length and fully discussed by this court in previous cases (Bailey v. Williamsport R. R. Co., 174 Pa. 114; Jensen v. St. Ry. Co., 201 Pa. 603; DeHaas v. P. R. R. Co., 261 Pa. 499), and what has been said need not be repeated here.

As noticed, in the absence of some legislative permission, suit must be brought only where the principal office is located, and the service made as directed by the acts referred to, but an exception is upheld where the defendant corporation conducts a substantial part of its business in another jurisdiction, exercising its franchises, and locating there the whole or part of its property: Bailey v. Williamsport R. R. Co., supra; Hawn v. Penna. Canal Co., 154 Pa. 455. This is true both as to a domestic and foreign corporation: Eline v. W. M. R. R. Co., 253 Pa. 204. If, however, these conditions do not appear, the service upon an officer temporarily present in another county is ineffective (Parke v. Com. Ins. Co., 44 Pa. 422; Bailey v. Williamsport R. R. Co., supra), and it is not sufficient that the business transacted in the jurisdiction in which the proceeding is instituted is merely transient; it must be shown to be habitual: Eline v. W. M. R. R. Co., supra.

When parties have been wrongfully summoned, a rule to show cause why the writ should not be set aside is properly presented (Park Bros. v. Oil City Boiler Works, supra), or jurisdiction may be challenged, under the Act of 1915, by an affidavit of defense raising the question of law: Miller Paper Co. v. Keystone C. & C.

Co., 267 Pa. 180. If necessary to determine the controlling facts, a preliminary jury trial may be had: Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40.

In this case, the petition asks to have the service set aside because of lack of jurisdiction. The answer avers facts which may or may not justify the action taken under the acts of assembly to which we have referred. It does not specifically describe the character of the business performed in the County of Philadelphia, nor does it designate the property in use there. See Gross v. Exeter Machine Works, 277 Pa. 363. No replication was filed, nor were any depositions taken to show the true situation, and, therefore, the averments of the answer must be taken as correct, yet the general statements made do not justify a finding that there is the right to maintain the action where the suit was brought. The matter can be clarified by testimony as to the corporate activities of the defendant, or an issue can be framed and the question of jurisdiction properly disposed of, as was done in Miller Paper Co. v. Keystone Co., supra.

The assignments of error must therefore be sustained, and the order making absolute the rule to set aside the sheriff's return is reversed with a procedendo.