# Lobb, Appellant, *v.* Pennsylvania Cement Co.

*Corporations—Domestic corporations—Service of process—Doing business.*

1. A domestic corporation may be served in any county where it habitually carries on a substantial part of its business, or exercises its franchises and has property.

2. A Pennsylvania corporation having its plant and principal office in one county, may be served with process in another county, where it maintains an office leased in its own name in charge of a district manager, four salesmen and a stenographer, and it appears that such salesmen not only solicit orders, but investigate complaints, distribute advertising matter, follow up accounts, and occasionally receive checks for transmission to the company, and that apparently one-thirteenth of the total annual sales were made through such office.

*Corporations—Service of process—Foreign corporations—Act of April 8, 1851, P. L. 353.*

3. It seems that the Act of April 8, 1851, section 6, P. L. 353, applies only to service of process upon foreign corporations.

Argued November 24, 1925.   Appeal, No. 388, Jan. T., 1925, by plaintiff, from order of C. P. No. 1, Phila. Co., March T. 1925, No. 366, making absolute rule to set aside service of process, in case of Fred Lobb v. Pennsylvania Cement Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Rule to set aside service of process.   Before TAULANE, J.

The opinion of the Supreme Court states the facts.

Rule absolute.   Plaintiff appealed.

*Error assigned* was order, quoting it.

*David Wallerstein,* with him *Nochem S. Winnet* and *John J. McDevitt, Jr.,* for appellant.—The Act of April 8, 1851, provides that service may be made on any cor-

poration who "shall have an agency or transact any business" in any county of this Commonwealth: Eline v. Ry., 253 Pa. 204; Com. v. R. R., 251 Pa. 6; DeHaas v. R. R., 261 Pa. 499.

Under the law and the facts the defendant was doing business in Philadelphia County and was therefore, subject to the jurisdiction of its courts.

*Francis H. Scheetz,* with him *Ralph B. Evans,* for appellee.—Defendant is not amenable to the jurisdiction of the courts of Philadelphia County unless it transacted a substantial part of its regular business there: Park Bros. v. Boiler Works, 204 Pa. 453; Gengenbach v. Willow Grove Park, 280 Pa. 278; Cochran v. Library Co., 6 Phila. 492.

The activities of defendant corporation in Philadelphia County do not constitute the transaction of a substantial business in a jurisdictional sense: Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180; Wood v. Steamship Co., 23 Pa. Dist. R. 421; Green v. Ry., 205 U. S. 530.

OPINION BY MR. JUSTICE SCHAFFER, January 4, 1926:

Plaintiff appeals from an order setting aside the service of a writ of summons issued out of the Common Pleas of Philadelphia County and served therein, in an action to recover damages resulting from injuries received by him caused by alleged negligent blasting operations conducted by defendant at Bath in Northampton County.

Defendant is a Pennsylvania corporation engaged in the business of manufacturing and selling cement. Its plant and principal office are located at Bath. It maintains an office in New York and has a sales office in Philadelphia in charge of a district sales manager under whom there are four salesmen and a stenographer. This Philadelphia office is held by lease in the company's name and the furniture therein belongs to it, as do four automobiles used by the salesmen operating from the Philadelphia office. The district sales manager has

charge of a selling territory, which not only comprehends the State of Pennsylvania, but, in addition, Maryland, Virginia, Delaware, the District of Columbia and the lower part of New Jersey. The salesmen working under him from the Philadelphia office solicit business in the territory named, report their sales to him and he forwards the reports to New York, whence they are transmitted to the plant at Bath to be filled. Complaints are investigated by the salesmen. Not only do the salesmen solicit orders, but they distribute advertising matter and follow up accounts due the corporation. Occasionally checks in payment of invoices are sent to the Philadelphia office, which forwards them to the office in New York. During the year 1924, the aggregate sales through the Philadelphia office amounted to 170,605 barrels of cement, which was approximately one-thirteenth of the total sales of the company. The office in Philadelphia had been maintained for six years prior to the service of the writ.

Contending that under this state of facts it was not subject to service in Philadelphia County, defendant presented a petition to the court below, which granted a rule on plaintiff to show cause why the service of the writ should not be set aside. This was the proper procedure as laid down by the Act of March 5, 1925, P. L. 23, section 2. Depositions were taken in which the facts heretofore recited became manifest and after consideration of them the court below determined the service was invalid and made absolute the rule to set it aside; from this order plaintiff appeals.

We have many times been called upon to determine whether Pennsylvania corporations, whose principal office and place of business is in one county of the state may be served with process in another county. The guiding principle of the decisions is that a domestic corporation may be served in any county where it habitually carries on a substantial part of its business or exercises its franchises and has property. A review of all the cases establishing this rule is not necessary; it will suffice

to call attention to some of the most recent ones: Gengenbach v. Willow Grove Park Co., 280 Pa. 278; DeHaas v. Penna. R. R. Co., 261 Pa. 499; Park Bros. & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453; Jensen v. Phila., etc., Ry. Co., 201 Pa. 603; Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114.

Service of the summons was set aside by the court below because it has been held that the mere maintenance of an office by a corporation in one county to solicit orders does not constitute transacting business in that county so as to render the corporation amenable to suit. We have no intention to depart from this rule, but in the pending case the defendant did much more than this, as the facts heretofore recited demonstrate; what it did in our opinion constituted such a doing of business in Philadelphia as made it liable to process there.

Appellant's counsel both orally and in their printed brief argue that the service was valid under the provisions of the Act of April 8, 1851, P. L. 353, section 6, which provides "That in any case where any insurance company or other corporation shall have an agency or transact any business in any county of this Commonwealth, it shall and may be lawful to institute and commence an action against such insurance or other corporation in such county." The title of this act would confine its operation to "foreign insurance companies and other corporations" although in the body of the act no such limitation occurs. While it is true the act was passed before the adoption of the constitutional amendment relating to the title of bills, Judge SHARSWOOD in Cochran v. Library Co., 6 Phila. 492, held that it applies exclusively to foreign corporations, and Eline v. Western Maryland Ry. Co., 253 Pa. 204, gives color to the thought that it only relates to them. We need not, however, concern ourselves over this act, as there is full warrant in the facts presented for the view we take under the cases to which reference has been made.

The order of the court below setting aside the service is reversed with a procedendo.