## Scott *v.* C. A. Hughes & Company, Appellant.

Argued January 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Joseph M. Smith,* with him *Michael T. McManus* and *Joseph Neumann Smith,* for appellant.

*Harold B. Bornemann,* with him *William A. Gray,* for appellee.

PER CURIAM, January 31, 1936:

This is a rule to set aside service. The court below found the following facts: All the defendant's tangible property, consisting of mines, land, mining equipment and an office building, which have an aggregate value of $357,000, are in Cambria County. The defendant corporation's officers, except the vice-president, reside in that county, and there the records relating to corporate action, which take place entirely in Cambria County, are kept. It mines, produces all of its coal, and fixes prices at that location, and from it shipments are made.

But defendant's business is to both mine and sell coal and these activities are equally important. The principal sales office for purposes of distribution is in Philadelphia, and in charge of the vice-president. Orders from other cities are mailed to this office, and all contracts for the sale of bituminous coal, which approximate 75% of the entire business and amount to $600,000 a year, are made there. From time to time the vice-president in charge of sales makes purchases of "outside coal." Defendant's principal depository is in Philadelphia, where it maintains an average bank balance of $50,000.

We have often stated that service of process upon a corporation may be made where its property is in whole or part situated: Gengenbach v. Willow Grove Park Co., 280 Pa. 278; Hawn v. Pa. Canal Co., 154 Pa. 455;

Eiline v. R. R. Co., 253 Pa. 204. The defendant corporation in this case had a part of its assets in Philadelphia, and was transacting a substantial portion of its business within that county. Service of process could therefore be made upon the defendant in Philadelphia County, and the court below did not err in dismissing defendant's rule to set aside service.

Order affirmed at appellant's costs.