Murphy *v*. Pennsylvania Casualty Company,
Appellant.

Argued March 10, 1936.

Before Keller,
P. J., Cunningham, Baldrige, Parker, James and
Rhodes, JJ.

*Elias Magil* and *Joseph K. Willing*, of *Sterling &
Willing*, for appellant.

*Louis Jacobs* and *David S. Malis*, for appellee.

OPINION BY RHODES, J., April 24, 1936:

This is an appeal by defendant company from an order discharging rule to set aside service of summons in assumpsit. Plaintiff brought an action in New Jersey against defendant's assured to recover for personal injuries suffered as a result of an automobile accident in that state. She recovered a judgment, and execution thereon was returned unsatisfied. She brought the present action in Philadelphia county against the defendant to recover directly from the defendant, in accordance with the terms of the policy issued to its assured. Defendant, whose main office is in the city of Lancaster, Lancaster County, Pa., entered an appearance de bene esse, and filed a petition to set aside the service of the summons on the ground that it did not conduct a substantial part of its business in Philadelphia county and had no property there. Rule to show cause was issued, and plaintiff filed an answer. Depositions were taken, and the court below discharged the rule to set aside the service. Defendant appealed.

By stipulation of counsel the sheriff's return was amended to properly show the manner of service. This stipulation also provided that the amendment was made "without prejudice however to the defendant to raise such question or questions as it may so desire as to the jurisdiction of the Court." Service was made December 5, 1935.

The law in this state on the question here involved is clear. A domestic corporation, such as the defendant, cannot be sued "except in a county where the corporate property is in whole or in part situated, or where it transacts a substantial part of its business: Jensen v. Philadelphia, etc., St. Railway Co., 201 Pa. 603 [51 A. 311]": Park Brothers & Company, Limited, v. Oil City Boiler Works, 204 Pa. 453, 456, 54 A. 334, 335. See Lobb v. Pennsylvania Cement Co., 285 Pa. 45, 131 A. 725; Scott v. C. A. Hughes & Co., 320 Pa.

442, 183 A. 49; Gilbert v. Lebanon Valley Street Railway, 300 Pa. 384, 150 A. 638.

The question in the case before us is whether, under the facts presented, the defendant company could be sued and served with process in Philadelphia county. The facts must show that the essential requirement of jurisdiction has been complied with. Shambe v. Delaware & Hudson R. R. Co., 288 Pa. 240, 247, 135 A. 755, 758.

The appellant is a Pennsylvania corporation engaged in the casualty insurance business. The appellant admits that it maintained a branch office at 220 S. Fourth Street, Philadelphia, where service was made in this case, until January, 1935, when it terminated the lease for the premises. During the time that this branch office of the appellant was admittedly maintained, a claim adjuster for the company was located there, and also a clerk, Miss L. A. Joynt, who had authority to countersign policies, and to endorse and deposit checks of the appellant, as cashier, under a power of attorney, dated October 25, 1932, addressed to the Tradesmen's National Bank and Trust Company, Philadelphia. During that time, the office furniture in the premises for which the appellant held the lease was owned by Miss Joynt. The telephone was listed under the name of the appellant, and the office window had thereon, in large letters, the name of the appellant. Certain records and files were kept in the branch office.

In January, 1935, the lease for the premises was taken in the name of Miss L. A. Joynt, who continued in the employ of the appellant, receiving a salary of $15 per week for stenographic services, and commissions on premiums. She continued to own the furniture as before. The appellant's name on the office window remained. The telephone listing was not changed. A claim agent continued to be located at the office. Appellant's checks are deposited in the cashier's account,

under the power of attorney, as before the alleged removal of the branch office. Many brokers in Philadelphia are billed from this office on the billheads of the appellant, and checks are remitted to this office and deposited by L. A. Joynt, cashier.

An examination of the record does not disclose to us any material change in the conduct of the business of the appellant at 220 S. Fourth Street, subsequent to January, 1935, although the lease was thereafter in the name of Miss Joynt, and there was possibly a readjustment of compensation whereby she received a weekly salary and commissions.

The record shows that the appellant conducts a substantial part of its business in the county of Philadelphia, and that this business is conducted from the office at 220 S. Fourth Street. A claim adjuster is located there, and his territory covers New York, New Jersey, and the counties of Delaware, Philadelphia, Montgomery, and Bucks in this state. He has authority to settle claims under $50, without reference to the Lancaster office. Within a year he investigated four hundred claims and settled at least one hundred. Records are still kept at this office. Drafts drawn in favor of claimants, regardless of their amount, when sent from the office at 220 S. Fourth Street, are signed by this agent alone. He is paid a weekly salary by the appellant.

Miss Joynt, when policies or renewals thereof are secured by brokers other than herself, pays their commissions by checks drawn on the cashier's account. She countersigns all types of policies issued by the appellant. Remittances to the appellant are still deposited in the account known as "L. A. Joynt, Cashier," established in 1932. The appellant pays for the long distance telephone calls in connection with its business from the Fourth Street office.

The number of transactions and the volume of busi-

ness shown to have been conducted from this office in the county of Philadelphia warrant a finding that the appellant habitually carries on a substantial portion of its business in the county of Philadelphia, and may therefore be served with process therein. See Lobb v. Pennsylvania Cement Co., supra. The solicitation of business from the Philadelphia office would not alone constitute transacting business to such an extent as to make the appellant subject to service. Shambe v. Delaware & Hudson R. R. Co., supra, 288 Pa. 240, at page 248, 135 A. 755, at page 758. However, from this office adjustments and settlements are made; complaints are received and investigated. From this office bills are rendered to brokers, and to this office remittances are made by checks payable to the appellant for premiums on policies which it issues.

We are of the opinion that the facts show such a doing of business in Philadelphia county by the appellant as to make it liable to process there.

The order of the court below is affirmed.