## Moustakas v. The Metropolitan Casualty Insurance Company of New York

*Getz, Perkins & Twining*, for plaintiff.

*Butz, Hudders, Tallman & Rupp*, for defendant.

HENNINGER, P. J., July 26, 1954.—Plaintiff, a resident of Northampton County, insured by defendant against liability for damage done by plaintiff's automobile was forced to settle an action against him in the Lehigh County courts when defendant's counsel withdrew as his counsel in that action.

He is now suing defendant in our court to recover $750, the amount expended by him in settlement and $350 the amount incurred by him as counsel fees after defendant's counsel refused to represent him.

Service on defendant was made by registered mail addressed by the sheriff of Lehigh County to the Pennsylvania Insurance Department at Harrisburg, and to defendant at its home office in Newark, N. J.

Defendant has filed preliminary objections (1) raising a question of jurisdiction (2) for a more specific statement and (3) to strike off the complaint. In its brief it withdraws the latter two objections, so we consider only the first, which goes to the venue of the action.

The case is governed by Pa. R. C. P. 2179 which provides as follows:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located; or

"(2) a county where it regularly conducts business.

"(b) An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought

"(1) in a county designated in subdivision (a) of this rule; or

"(2) in the county where the insured property is located; or

"(3) in the county where the plaintiff resides, in actions upon policies of life, accident, health, disability and live stock insurance."

It is conceded by plaintiff that since no insured property is involved and that no policy of life, accident, health, disability or live stock insurance is involved and that, in any case, plaintiff does not reside in Lehigh County, venue is not determined by special provision for insurance contracts but depends upon Pa. R. C. P. 2179(b) (1), which refers back to (a) (2) and which leaves this case in the same category as any action against any type of corporation.

Since defendant does not have its registered office or principal business in Lehigh County, venue depends upon Pa. R. C. P. 2179(a) (2) which requires that a case can be brought only in "a county where it regularly conducts business".

There are many cases, Federal and State, defining the terms, "doing business" or "doing a substantial part of its business", and we believe that the term "regularly conducts business" was intended to be synonymous with the other terms described and that these prior decisions rule this case.

The case of Shambe v. Delaware & Hudson R. R. Co., 288 Pa. 240, has become the leading modern case on this subject. We quote (without repetition of citations) from that case, page 246:

"Our State acts, however, as to both domestic and foreign corporations, require 'doing business' in the county where suit is brought before jurisdiction can be acquired. . . . The essential elements which constitute 'doing business', as required by our laws, are the same as those necessary under the due process clause of the federal Constitution. We must ascertain

if the following requisite essentials appear in this case: (1) The company must be present in the State, (2) by an agent, (3) duly authorized to represent it in the State, (4) the business transacted therein must be by or through such agent; (5) the business engaged in must be sufficient in quantity and quality; (6) there must be a statute making such corporations amenable to suit. . . . The term 'quality of acts' means those directly, furthering or essential to, corporate objects; they do not include incidental acts. . . . By 'quantity of acts' is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough. Each case must depend on its own facts, and must show that the essential requirement of jurisdiction has been complied with."

Before applying these six criteria for doing business, we ought to establish the facts, which are not in dispute in any material respect.

Defendant is a foreign insurance company, carrying all lines of insurance excepting life insurance. It is registered and authorized to do business in Pennsylvania and maintains four general offices in Pennsylvania at Hazleton, Harrisburg, Pittsburgh and Philadelphia. There are no salaried employes in Lehigh County and no offices are here rented. No salaried employes are quartered in Allentown. All group insurance is written at the home office.

In 1952, when this suit was instituted, in 1949 when the policy in suit was issued and in 1951 when this cause of action arose, defendant had a "general agent" in the county in the person of John J. Yingling. His authority was much greater than that of defendant's present agents, but it was not specifically defined in the depositions. Upon his death in 1953, the position and powers of a general agent were not conferred upon any other local agent.

Defendant offers all types of insurance and bonding, except life insurance in Lehigh County through four agents, none of whom are salaried or receive any reimbursement for the expenses of conducting their places of business, excepting for stationery that they may use, which contains the name of defendant and of the agent.

Defendant's local agents collect all premiums, are responsible therefor and account to defendant for business written 60 days before the accounting date, remitting the premiums due, whether collected or not, less the agents' commissions.

Some items of business can be written only through the home office upon solicitation of the local agent. At least one local agent has the authority to issue policies and bonds up to the sum of $50,000. He has a pad of policies which he writes in triplicate, one forming the policy and going direct to the insured, one being forwarded to the company and one remaining in the agent's file. This same agent has authority to order automobiles repaired at an expense of not more than $100 in settlement of small claims.

Adjusters for defendant reside and have their offices outside the county except as defendant may refer a case to a local free lance adjuster and all checks for losses are paid from outside the county. Practically every claim for loss under defendant's policies is made through its local agents and by them forwarded to the respective regional office.

One of defendant's local agents does a business of almost $10,000 per year in premiums and another a business of over $135,000 in premiums.

Applying the rules of the Shambo case, supra, and substituting the word "county" for the word "State", there is no doubt that defendant is doing business in this county at least in the ordinary sense of that term. It is defendant's own contention that it is operating

by agents (differentiating agents, as the law does not, from employes) and that these agents are duly authorized to represent defendant and that the business thus transacted is done by or through such agents and that there is a rule of the Supreme Court having the force of a statute that makes such a defendant amenable to suit.

Defendant contends, however, that its business done in Lehigh County has neither the quantity nor the quality to satisfy the fifth requirement, which has been the subject of so much litigation.

Were we to decide this case on the basis of the business done by its agent who solicits group policies, there might be some virtue to defendant's contention that its agents merely solicit business consummated elsewhere by the company: Shambe v. Delaware & Hudson R. R. Co., supra; Lutz v. Foster & Kester Co., Inc., et al., 367 Pa. 125, 129. That agent might be termed a broker rather than an agent.

When we consider even the limited scope of the other agent who testified, disregarding the enlarged authority of the general agent who operated in this county when this suit was brought, we are convinced that the transactions consummated in our county have both the quantity and the quality of regularly conducted business within the meaning of Pa. R. C. P. 2179(a)(2).

We consider these elements controlling: (1) Defendant is surely insuring and bonding people in Lehigh county and would undoubtedly resent any intimation that it is not doing business in this county; (2) the very name "agent", even beyond the significance of its etymology, means one who is conducting business for someone else; (3) defendant's insurance business is definitely conducted in Lehigh County when the agent, within his authority, binds the company here to a definite undertaking; (4) the breadth

of the local agent's power to act for the company is far more significant than the slight limitations upon his authority, in group insurance and contracts over $50,000; (5) the agent's authority to bind the company not only to a policy risk but also to a settlement of small claims, negates any contention that he is only a solicitor of business; (6) the fact that practically all claims are made through the agent also shows an agency that goes beyond solicitation, though it might be interpreted as mere convenience or courtesy: Lutz v. Foster & Kester Co., supra.

Stress has been laid upon the fact that the agent is responsible for the credit of his customers. Surely, however, defendant does not contend that it is the agent who insures in Lehigh County and that the agent buys reinsurance elsewhere. No matter what the arrangement may be for payment, defendant, through its duly authorized agent, enters into a contract in Lehigh County with the assured.

The elements of continuity of action and volume of business need little consideration. One agent wrote over 3,400 policies and took in premiums of about $138,000. His office has represented defendant since 1929. Surely 3,400 policies in one year with so high a total of premiums indicate that the business is neither sporadic nor trivial.

Defendant has brought to our attention elements in this case which were present in other cases (Murphy v. Pennsylvania Casualty Company, 122 Pa. Superior Ct. 80), when a foreign corporation was held not to be doing business, such as no rented office, no salaried employe, no name on the window or door, no telephone listing and no local bank account.

The fact that some cases, in which it was held that a corporation was not doing business in a certain locality, had elements here present and that others, where it was held that the corporation was doing busi-

ness, had elements not here present is not controlling. It is true that in Murphy v. Pennsylvania Casualty Co., supra, where the corporation was held to be doing business there was a bank account, an adjuster, a name, a telephone and a salaried employe. All of these, excepting perhaps a bank account, were present in Lutz v. Foster & Kester Co., Inc., supra, and yet the nature of the business done was in that case held to be mere solicitation of business.

In many of the cases, including the Lutz case, supra, page 127, and New v. Robinson-Houchin Optical Company, 357 Pa. 47, 49, it is stressed that each case stands by itself, since it is a question of fact whether or not a foreign corporation is doing business that is habitual, continuous and systematic.

Defendant's business answers each of those definitions and, therefore, we find that it is regularly conducting business in Lehigh County and, therefore, being a corporation, is amenable to suit here.

Being amenable to suit, plaintiff's motive in seeking our jurisdiction is immaterial: Lallone v. Philadelphia Surburban Transportation Company, 61 D. & C. 248, Iannetti v. Philadelphia Suburban Transportation Company, 61 D. & C. 276; Everett v. Robbins, 80 D. & C. 207.

We are the less reluctant to arrive at the conclusion that defendant is amenable to suit in Lehigh County because, despite plaintiff's Northampton County residence, there is a reason for the choice of our jurisdiction, namely that the suit out of which this action arose was brought in our county. The choice of the forum was not capricious or to harass defendant; the chances are that the necessary witnesses reside in this neighborhood and since service was made on the Insurance Commissioner and notice given to the home office, defendant cannot contend that plaintiff hoped to serve some uninterested or casual agent (see Holli-

day, admx., v. Pacific Atlantic Steamship Corporation, 354 Pa. 271) perhaps in the hope that he might fail to inform his principal. While service was not attempted to be made on the agent whose activities constitute the business of defendant in Lehigh County, it is to be noted that defendant itself has relied upon that agent for notice of claims against the company.

Now, July 26, 1954, defendant's preliminary objection to the jurisdiction of this court, as well as its other preliminary objections, are dismissed and it is ordered that defendant answer over on the merits within 20 days after service of this order upon its counsel.