## Sullivan v. Harleysville Mutual Insurance Co.

*Michael S. Valimont,* for plaintiffs.
*James C. Walker,* for defendant.

BECKERT, *P.J.*, October 7, 1980—Plaintiffs, Timothy F. X. Sullivan and Alice M. Sullivan, of Quakertown, Bucks County, Pa., filed an amended complaint in assumpsit against defendant, Harleysville Mutual Insurance Company. Plaintiffs contend therein that they suffered a loss insured against by defendant and that this loss, contrary to the provisions of the insurance policy issued by defendant, has not been paid. The loss was purportedly covered by defendant's homeowner policy and resulted from an alleged theft of plaintiffs' prop-

erty, which property was located within the insured premises situate 1904 Atlantic Avenue, Longport, New Jersey. The agency that wrote this policy was William A. Gum, Inc. of Lansdale, Pennsylvania (Montgomery County).

Paragraph 2 of plaintiffs' amended complaint reads as follows:

2. Defendant is the Harleysville Mutual Insurance Company, a domestic corporation, with an office located at the address set forth in the caption of the Complaint. [The address there listed is 355 Maple Avenue, Harleysville, Pa. which address we note to be located within Montgomery County.] Defendant regularly conducts business in Bucks County through the McKeever-Egan Insurance Agency located at 522 Market Street, Perkasie, Bucks County, Pa.

Service was made by a deputy sheriff of Bucks County by serving a true and correct copy of the amended complaint on one Sharon Argue, a secretary employed by McKeever-Egan Insurance Agency.

Thereafter, defendant filed preliminary objections to the amended complaint raising the question of venue and in the nature of a motion to strike service. Defendant's preliminary objections also included motions for a more specific complaint and a demurrer. The matter is now ripe for resolution pursuant to our Bucks County Local Rule of Court *266 and we will first deal with the question of venue.

Pennsylvania Rule of Civil Procedure 2179 provides:

"Rule 2179. Venue.

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a per-

sonal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located; or (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose.

"(b) An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought (1) in a county designated in subdivision (a) of this rule; or (2) in the county where the insured property is located; or (3) in the county where the plaintiff resides, in actions upon policies of life, accident, health, disability, and live stock insurance or fraternal benefit certificates."

It is therefore apparent that if plaintiffs are to prevail they must base venue on the fact that defendant regularly conducted business in this county. We have no problem in concluding that defendant did regularly do business in this county. The deposition of Patrick M. Egan, President of McKeever-Egan Insurance Agency (which is reviewed at length later herein) is to the effect that his company's annual premium production for defendant is "in the area of $250,000" and that other insurance agencies such as Egan's write insurance policies for Harleysville within this county. In light of that we have no difficulty in concluding that it is doing business in this county. See Murphy v. Pennsylvania Casualty Company, 122 Pa. Superior Ct. 80, 184 Atl. 462 (1936), where a casualty insurance company was held to be doing business and therefore subject to venue in a county in which its

claim adjuster is located who had authority to investigate, adjust and settle types of claims where its records are kept and whose drafts were signed and issued in payment of claims, and where bills are rendered to brokers and to which remittances are made for policy premiums.

The second question, service, at least within the context of the type of service made in this case, is more difficult to resolve. Pennsylvania Rule of Civil Procedure 2180 states the following:

"Rule 2180. Service of Process.

"(a) Service of process within the county in which the action was commenced shall be made upon a corporation or similar entity by the sheriff of that county by handing an attested or certified copy of the process, as prescribed by Rule 1008 (1) to an executive officer, partner or trustee of the corporation or similar entity; or (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity; or (3) to an agent, authorized by the corporation or similar entity in writing to receive service of process for it.

"(b) When the action is commenced in a county of proper venue, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had in the manner provided by subdivision (a) of this rule.

"(c) Outside the Commonwealth, the plaintiff shall have the right of service within ninety days after the issuance of the writ or the filing of the complaint or the reissuance or reinstatement thereof (1) by having a competent adult serve the defendant in the manner and upon any of the per-

sons designated by subdivision (a); or (2) in the manner provided by Rule 2079 (c) (2), (3), (4) or (5); or (3) in the manner provided by Section 5323 or 5329 (a) of the Judicial Code relating to service of process on persons outside the Commonwealth.

"(d) If service cannot be made under any provision of subdivision (a), (b) or (c), the court on petition stating the reasons why such service cannot be made may authorize by special order the manner of service."

It is obvious that it is defendant's position that it cannot be subjected to service of process within Bucks County because none of the persons authorized to accept service are located within this county. Plaintiffs, however, take the opposite position that the local insurance representative would fall within the scope of Rule 2180 and service of process is proper within the county as service was made at an office or usual place of business of the corporation.

Service upon "an agent or person for the time being in charge of" applies to the "office or usual place of business of the corporation." This does not mean that a corporation which is doing business within the county for venue purposes is necessarily subject to service under Rule 2180(a)(2). We can see from a reading of Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A. 2d 505 (1967), that while a corporation may be "doing business" within a given county it may be doing so without having an "office" or "usual place of business" within that county. It is the type of activities conducted within the county that is determinative as to whether the insurance company is doing business in an office within the county. This in turn is dependent on the relationship that exists between the local representative and the insurance company.

Statutory regulation of insurance companies is found in Title 40 of Purdon's Pennsylvania Statutes Annotated. An insurance agent is defined in The Insurance Department Act of May 17, 1921, P.L. 789, 40 P.S. § 1 et seq., as follows:

"§ 231. Insurance agents defined

"An agent is an individual, copartnership or corporation, authorized in writing by a company, association, or exchange—(a) To solicit risks and collect premiums, and to issue or countersign policies in its behalf; or (b) To solicit risks and collect premiums in its behalf.

"A person, copartnership, association, or corporation, not a duly licensed insurance broker, who, for or without compensation, solicits insurance on behalf of any insurance company, association, or exchange, or transmits for a person, copartnership, association, or corporation, other than himself or itself, an application for a policy of insurance to or from such company, association, or exchange, or offers or assumes to act in the negotiation of such insurance, or in any manner aids in transacting the insurance business of any such company, association, or exchange, by negotiating for or placing risks or delivering policies or collecting premiums for such company, association, or exchange, shall be an insurance agent within the intent of this act, and shall thereby become liable to all the duties, requirements, liabilities, and penalties to which an agent of such company, association, or exchange is subject: Provided, however, That the word 'agent' shall not include non-resident salaried employes of foreign exchanges which maintain no offices in this Commonwealth and pay no commissions to such employes, or officers or salaried employes of any insurance company, association or exchange, which is authorized to transact business in this

Commonwealth, who do not solicit, negotiate or place risks or as to title insurance, duly admitted attorneys-at-law, licensed real estate agents, or real estate brokers."

Assuming that a local representative, i.e., the Egan of the McKeever-Egan Insurance Agency in this case, is an agent within the meaning of the above definition, the question still remains whether such an agent is an agent within the meaning of Pa.R.C.P. 2180(a)(2). We know that the purpose and reason for regulating the mode of service of process is to provide the necessary safeguards to insure that the party being served is in fact notified of the existence of the action against him and therefore has the opportunity to defend. It is for that reason that the rule called for service upon a responsible executive, regardless of where the sheriff may find him, and if service is not made upon the responsible executive then such service shall be accomplished only at the office or place of business of the corporation. By doing so defendant has the best possible means of actual knowledge of the pending action against it. As to the term "agent," 7 Goodrich-Amram 2d §2180(a):6 states as follows:

"With respect to both domestic and foreign corporations and similar entities the word 'agent' will be limited to representatives having a certain dignity or authority, as distinguished from mere employees and persons acting in a subordinate capacity, although the group of 'agents' will be broader than the 'executive officers.' The service of process on the agent will be limited to service at the 'office' or 'usual place of business' of the defendant although the 'agent' need not necessarily be the 'person in charge thereof.' The requirement of being 'in charge thereof' is mandatory only when the indi-

vidual served is a 'person' having a relationship to the defendant not sufficient to classify him as an 'agent.'"

There are two Pennsylvania cases that deal specifically with this subject. In Wilson v. Northern Insurance Company, 211 Pa. Superior Ct. 155, 235 A. 2d 458 (1967), it was held that a person who sold insurance for the defendant, who had authority to collect money and give receipts for premiums on insurance by the defendant, who accepted notification of cancellation of policy holders for defendant and who was authorized to settle small claims was a proper agent of defendant for service of process. In Wright v. Limberger, 14 Chester 301 (1966), a contrary result was reached. There the court held that where a general broker representing a number of insurance companies, including the company sought to be served in the instant action, and who placed policies for her customers with one or more of those companies and collected premiums on behalf of those companies, and where the insurance company in question exercised no specific control over the way the general broker conducted her business, such activity did not amount to "doing business" on the part of the insurance company within the meaning of Pa.R.C.P. 2180(a)(2) and therefore service of process upon the secretary of such general broker would not serve to give plaintiff jurisdiction over defendant insurance company.

It is obvious therefore that the nature of the agency relationship must be decided upon the relevant facts that exist in each case.

A review of the depositions taken in this matter reveal that Patrick Egan as president of McKeever-Egan Insurance Agency testified that his company writes policies for multiple companies

including Harleysville Mutual Insurance Company and has been selling insurance for defendant for more than 40 years. Defendant has authorized his company to write the policies which are sold strictly on a commission basis. Some of the policies written by McKeever-Egan are billed directly to defendant but on other lines of insurance they issue a bill, collect a premium and pay defendant on a net basis. McKeever-Egan is authorized to give receipts for payments they receive, to accept notices of cancellation, to receive and send notices of loss on behalf of Harleysville. McKeever-Egan receives no rent or stationery or other office supplies from defendant, and the building in which McKeever-Egan operates its business is not owned by defendant nor is the business equipment supplied by defendant. The building in which McKeever-Egan Insurance Agency conducts its business does not contain a sign advertising defendant's company and while a telephone listing in the Upper Bucks telephone directory does list the McKeever-Egan Insurance Agency as agent of Harleysville Mutual Insurance Company the advertisement was taken out by McKeever-Egan Insurance Agency and indicates therein that they are an independent agency. While McKeever-Egan Insurance Agency has limited authority to settle claims up to $500 on behalf of defendant, that $500 limit would not include a claim such as is present in the instant case. McKeever-Egan Insurance Agency has no authority either written or otherwise to accept service of a complaint or writ and they did not write the policy around which this present litigation centers.

From everything brought before us it would appear that McKeever-Egan fits the definition of an insurance broker rather than an insurance agent.

An insurance broker is defined in 40 P.S. §251 as follows:

"§251. Insurance broker defined

"An insurance broker is a person, copartnership, or corporation, not an officer or agent of the company, association, or exchange interested, who or which, for compensation, acts or aids in any manner in obtaining insurance for a person other than himself or itself."

We therefore find from the facts of the instant case that McKeever-Egan Insurance Agency was not sufficiently in control of defendant insurance company to qualify as an agent for the service of process. And therefore we find that service upon the secretary of McKeever-Egan was not effective to obtain jurisdiction over the defendant.

We find the balance of defendant's preliminary objections to be without merit and dismiss the same.

In accordance with the aforesaid we enter the following

### ORDER

And now, October 7, 1980, defendant's preliminary objection in the nature of a motion to strike service is sustained and the service of process is set aside. The remaining preliminary objections are dismissed.