## CUMMINGS v. MEEKER.

### April 1, 1837.

*Rule to show cause why the sheriff should not bring in the body.*

1. Where a sheriff has taken but *one* surety in a bail bond under the act of 13th June, 1836, relating to the commencement of actions, returned it, and duly notified the plaintiff, the court will not rule the sheriff to bring in the body.

2. But the plaintiff may except to the bail, and unless new bail be added or substituted, so as to give the requisite number of sureties, the sheriff is responsible to the plaintiff, as if no bail had been taken.

3. If the plaintiff except, and new bail be not so added or substituted, yet, as between the sheriff and surety, in such case, the bond is not void; the sheriff has recourse on it.

4. If the plaintiff do not except, he waives his right to have more than one surety, and the sheriff is discharged from responsibility.

THIS was a *capias ad respondendum* brought to March term, 1837. The sheriff took one surety in the bail bond, returned it, and gave notice to the plaintiff, under the 13th section of the act of 13th June, 1836, relating to the commencement of actions. (*Stroud's Purd. tit. Action.*) The plaintiff did not except to the bail, but obtained this rule on the sheriff, to show cause why he should not bring in the body.

*Meredith,* for the rule. The bond is a nullity. The 9th section of the act of 13th June, 1836, says that the bond shall be with " reasonable *sureties.*"

*Williams,* contra. The bond is not null. For the irregularity complained of, the plaintiff has a *statutory* remedy, which is exception to the bail under the 14th section of the act, when upon the bail being held insufficient, new bail may be added or substituted. The remedy of ruling the sheriff to bring in the bail is not provided for by the act in such a case.

The counsel cited 8 *Johns. Rep.* 277; *Cro. Eliz.* 808, 852, 862; *Fortescue* 369; 10 *Coxe Rep.* 100; *Petersdorff on Bail* 113, 203; 1 *Pennak.* 148; 1 *Miles* 386; 6 *Rep. of Commissioners* 54.

[Cummings v. Meeker.]

PETTIT, *President,*—said the question presented was, whether under the act of the 13th June, 1836, entitled " an act relating to the commencement of actions," (*Purdon's Dig.* 5 *Ed.* 40,) the bond was void, or if not absolutely void, how far, and under what circumstances it could be allowed to operate. He referred to the 9th section which speaks of " *bond with reasonable sureties,*" and to other parts, particularly the 11th and 13th sections of the act in which the plural number is used in regard to the bail. He said, however, that the words " *surety of sufficient persons*" in the stat. of 22 Hen. VI. c. 9, had been uniformly construed so as to allow the sheriff to accept of *one surety* only, and that so far as the reason of that construction could be applied to the act of 1836, it was proper to adopt it. The act, however, differed from the statute in several important particulars. For instance, the statute directs the bond to be given to the sheriff, and for his benefit; the act of assembly requires the bond to be in the name of the commonwealth, and that it shall be for the use of the plaintiff, or the sheriff, as the case may be. Under the statute, the sheriff's responsibility was not determined until the defendant had *appeared;* under the act of assembly, the sheriff's responsibility shall cease if no exception be taken to the bail, or if upon exception made, the bail shall justify or other bail be added or substituted and justified. The judge referred to Sir W. Drury's case, cited in Beawfage's case in 10 *Rep.* 100, as containing the principles of construction adopted in reference to the statute of Henry VI.; and applying the principles of convenience and policy, there recognized, to the act of assembly, he said it was not necessary to pronounce the bond with one surety to be null and void, but that if the sheriff choose to incur the risk of taking a bond with but one surety, it should be deemed good as to the officer, and if the plaintiff after receiving the notice, designated by the 13th section of the law, was willing to acquiesce in it, and manifested his acquiescence by omitting to make exception, the bond ought to be held to be good as to him also. That where the plaintiff did not thus waive his clear right to have more than *one* surety, his true course was to except to the bail under the 14th section of the act. If on exception thus taken, other bail was not added and justified, the sheriff remained responsible to the plaintiff as if no bail had been taken, the sheriff still having recourse on the bond; if other bail were added and justified, the plaintiff had the

[Cummings v. Meeker.]

security which the law contemplates.   This construction was in conformity with well established and familiar principles of law and policy, and preserved to the plaintiff all his rights.   The rule to bring in the body was therefore discharged—and the plaintiff allowed to make exception to the bail.

Jones, J. concurred.

Stroud, J. dissented.

Rule discharged.