# Fitler *against* Bryson.

# Same *against* Billings.

Under the 16th section of the Act of 13th June 1836, when the sheriff takes a bail bond and the bail do not justify after exception taken, the proper course is to rule the sheriff as formerly to bring in the body, and compel him by attachment to procure unexceptionable bail or pay the money into court, and then the action proceeds as usual.

By proceeding at once against the original defendant or the bail excepted to, the plaintiff waives his exception.

ERROR to the District Court for the city and county of *Philadelphia*, in which verdicts and judgments were rendered for the plaintiffs below in these two actions on the case, one brought by Thomas Bryson, and other by Josiah Billings, against Daniel Fitler, late sheriff of the county of Philadelphia.

In the first action the plaintiff, Bryson, complained that on the 27th March 1840, he sued out from the District Court and delivered to the sheriff, a *capias ad respondendum* against Jacob Ber-

lin, on which the sheriff arrested him, and took a bond from him and two sureties, conditioned, if the defendant should be condemned in said action, he should satisfy the condemnation money or surrender himself into the custody of the sheriff, or in default the sureties would do it for him, which sureties were not reasonable sureties having sufficient estate within the said county, and that within 20 days after the sheriff's return and notice, he excepted, and gave notice thereof to the defendant's attorney and the sheriff, but the sureties did not justify, nor was any other bail added or substituted, but the defendant made default, the plaintiff proceeded in the action and recovered judgment against the defendant, and issued a *capias ad satisfaciendum*, which was returned *non est inventus*.

The other suit, in which Billings was plaintiff, was of the same kind, but the plaintiff after recovering a verdict and judgment against the original defendant, Joel Brett, and after the return of the *capias ad satisfaciendum*, brought suit upon the bail bond taken by the sheriff, and recovered judgment upon it and issued a *fi. fa.* and *ca. sa.*, which were returned *nulla bona* and *non est inventus*.

Various errors were assigned, and the cases were argued by

*C. Fallon*, for the plaintiff in error.
*G. M. Wharton*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—It is a cardinal principle in the exposition of statutes, that the judge is to consider the old law, the mischief and the remedy. He is also to bring the interpretation as near as may be to the principles of the common law; and he is consequently to depart from the old law no further than is necessary to correct the mischief. These principles are elementary and familiar. Now the old law of bail in civil actions, if it was not in all respects the most convenient, was certainly simple in its apparatus as well as speedy in its results; and it was so frequently explored that it was well known. If the defendant put in insufficient bail, or no bail at all, at the return of the writ, the plaintiff might take an assignment of the bail-bond, or rule the sheriff to bring in the body, which he could not do, having set the defendant at large; and he had therefore no other means to extricate himself from the dilemma than to cause unexceptionable bail to be put in, or pay the sum sworn to into court. Thus, though the sheriff was liable for the sufficiency of the bail, as he still is by the statute before us, he could not be pursued by action. But that was not the defect to be remedied; for the attachment was as effectual, much less burthensome, and infinitely more convenient, than an action which might delay the plaintiff for years, and subject the sufficiency of the bail to the uncertain judgment of a

[Fitler v. Bryson. — Same v. Billings.]

jury after it had been determined by the court. Unless the question were treated as an open, one there would be nothing to try and consequently no need of an action. It is no answer to say that the jury passes on the sufficiency of bail in a replevin bond. The reason is, because the question of sufficiency has not been decided by the court in the first instance. The mischief of the old law, or to speak more properly, the inconvenience of it if it were one, consisted in the necessity it imposed of finding bail twice; and the object effected was to make bail to the sheriff serve for bail to the action. For that purpose it was provided that the condition of the bail-bond should be in the form of the condition of a recognizance of special bail; that the sufficiency of the bail should be open to exception, and that the sheriff should be responsible for it, but that his responsibility should cease if exception were not taken, or if taken not sustained, or if the bail should justify, or if other sufficient bail should be added or substituted. Then why not treat the bail-bond as a recognizance of special bail entered in court or certified by a commissioner? There is no difficulty except in the form of the security; and there is no technical difficulty in the way. On the contrary, we would have before us a beaten path which would conduct us to certainty of result. If the bail do not justify, rule the sheriff to bring in the body, and compel him either to procure unexceptionable bail or pay the money into court. That done, the action may go to trial in the usual way. If the other course were taken, the plaintiff would first have to prosecute the original action to judgment without having the defendant in court—a monstrous anomaly for which there is no necessity, as our practice is sufficiently anomalous without it. And what then? He would have to prosecute a second action against the sheriff in which there would be nothing to try, the whole having previously passed *in rem judicatam;* for I take it, that the judgment in the original action, and the adjudicated insufficiency of the bail, would conclusively constitute a cause of action for recovery; and the sheriff might, it is true, be reached in this way, but most frequently after the responsibility of his sureties had expired. What other consequences might follow it is impossible to say, for the difficulties which lie in the way of every new form of proceeding disclose themselves only when it is subjected to the touchstone of experience. But the anomaly noticed would not be the only one. By the old law the delivery of a declaration in chief, or the acceptance of a plea, is a waiver of exceptions to the bail. Now, according to the old law, such a waiver operates a discharge of the sheriff's responsibility; and how can it do otherwise under the statute? To proceed against the defendant in the original action as if he were regularly in court by his bail, would involve the absurdity of proceeding inconsistently. Better sue the sheriff at once when there has been a forfeiture of the bail-bond, allowing him to make any

[Fitler v. Bryson. — Same v. Billings.]

defence which the defendant in the original action might have made; and even that would have been an anomaly. Still better to pursue the old course of compelling the sheriff to procure unexceptionable bail, and let the original cause be tried on its merits. Such a course is surely more natural, simple and convenient, than one which would produce such monstrous absurdities as those in the proceedings before us, which exhibit a judgment against a party who was not in court, and a recovery against bail who had been rejected and discharged. These considerations induce us to say that, for the purpose of remedy against the sheriff, the bond has the ordinary qualities of a recognizance and a bail-bond united, and that the proceeding to enforce the procurement of additional or substituted bail, is the same as it was before. By going on against the original defendant the plaintiff waived his exceptions to the bail, and the matter stood as if none had been taken; and if that were not so, he could not have remedy by action against the sheriff.

Judgment reversed.