# Barber & Company *v.* Scranton Railway Company, Appellant.

*Practice, C. P.—Actions against corporations—Service of summons in other county—Act of April 3, 1903, P. L. 139—Act of July 9, 1901, P. L. 614—Act of March 17, 1856, P. L. 388.*

Where a street railway corporation operates and has corporate property in two adjoining counties and an action in trespass is brought in one of said counties the writ of summons may not legally be served by the sheriff of the adjoining county, under the provisions of the Act of April 3, 1903, P. L. 139, where the return does not set forth that the defendant had no office or place of business in actual operation in the county in which the cause of action arose, and that no director or officer was resident in that county.

Nor was the service good under the provisions of the Act of March 17, 1856, P. L. 388, for under that act the sheriff of the county in which the action was brought, or a deputy answerable to him, should have gone into the adjoining county and served the writ and made return thereof.


Argued March 7, 1921.   Appeal, No. 14, March T., 1921, by defendant, from order of C. P. Luzerne County, March T., 1920, No. 180, dismissing motion to set aside service and summons in the case of S. K. Barber and Company v. Scranton Railway Company.   Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER and KELLER, JJ.   Reversed.


Trespass to recover damages for injury to motor truck. Before WOODWARD, J.

Motion to set aside service of summons.

The facts are stated in the opinion of the Superior Court.

The court dismissed the motion.   Defendant appealed.


*Error assigned,* among others, was the order of the court.

*N. H. Cowdrey,* and with him *James P. Harris* and *Knapp, O'Malley, Hill & Harris,* for appellant.—Unless the return shows on its face that service has been made in the manner required by law, the appellant has not been brought into court, and the return must be set aside: Benwood Iron Works v. Hutchinson & Bro., 101 Pa. 359, 362; Lehigh Valley Insurance Co. v. Fuller, 81 Pa. 398; Stark v. Lehigh Coal & Navigation Co., 9 Kulp 467.

To show legal service of a summons the return must set forth the facts which the statute makes prerequisite to service in the manner adopted: Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, 458; Lay v. Levering, 20 D. R. 1093; O'Brien v. Bartlett Haywood & Co., 12 D. R. 746; Deischer v. Flannery et al., 27 C. C. Rep. 286; Boyle v. Whitney et al., 8 C. C. Rep. 501.

*H. J. Mahon,* and with him *B. R. Jones,* for appellee, cited: Hawn, Appellant, v. Pennsylvania Canal Co., 154 Pa. 455; Bailey, Appellant, v. Williamsport, etc., R. R., 174 Pa. 114; Jensen, Appellant, v. Railway Co., 201 Pa. 603; DeHaas v. Pennsylvania Ry. Co., Appellant, 261 Pa. 499.

OPINION BY KELLER, J., April 18, 1921:

The defendant is a street railway corporation operating, and having corporate property situate, in both Lackawanna and Luzerne Counties. Its office is located in Lackawanna County and its officers reside there. Plaintiffs claiming to have suffered injury to their property by the negligent operation of defendant's car "at a point about a mile north of Duryea Borough," brought an action in trespass in Luzerne County. The sheriff of Luzerne County made return as follows: "I hereby certify and return that the within named defendant corporation having no office or place of business in actual operation in Luzerne County, although its electric line and cars are operated in this county; and no member of

its board of directors, or other officer being a resident of said Luzerne County, I therefore deputized the Sheriff of Lackawanna County to serve the within writ of summons according to law. So answers John MacLuskie Sheriff of Luzerne County."

Endorsed on the writ was: "Now, January 28th, 1920, I deputize the Sheriff of Lackawanna County to serve the within writ according to law. John MacLuskie, Sheriff of Luzerne County."

Service was made and returned by the sheriff of Lackawanna County as follows: "I hereby certify and return that on January 29th, 1920, I served the within summons together with a certified copy of the Plaintiff's Statement on the within named defendant Scranton Railway Company by handing to William M. May personally as Chief Clerk and Man in Charge at the time being of the Scranton Railway Company a true and attested copy of the within summons together with a certified copy of the Plaintiff's Statement and I made known to him the contents thereof at the office of the Defendant company, Lackawanna Avenue, City of Scranton, Lackawanna County. So answers J. R. Schlager, Sheriff, Fred Keifer, Deputy."

Defendant entered an appearance de bene esse and moved to set aside the service of the summons and statement as being illegal on its face. The court denied the motion, holding that it did not appear from the record in what county the cause of action arose; if in Lackawanna County the service was good under the Act of March 17, 1856, P. L. 388; if in Luzerne County, it was bad because not made in the manner prescribed by the Act of April 3, 1903, P. L. 139; and that until it appeared in which county the cause of action arose, the presumption of regularity governed.

We are unable to agree with this conclusion.

It was held in DeHaas v. Penna. R. R. Co., 261 Pa. 499, that the Act of March 17, 1856, P. L. 388, relating to service of process on corporations was not repealed or

superseded by the Act of July 9, 1901, P. L. 614, and its supplement of April 3, 1903, P. L. 139; because it provides for service of process in cases not covered by the later acts, and it was not the intention of the legislature by those statutes to take away from a litigant the right of bringing his action in any county in which under existing law suit might be brought.

If the cause of action arose in Luzerne County, service of process was provided for in the Act of 1903, and service should have been made under clause (g) thereof, and the return of the sheriff of Luzerne County should have set forth in accordance therewith that as the defendant corporation had no office or place of business in actual operation in the county in which the cause of action arose, and no member of its board of directors or other officer was a resident of the county in which the cause of action arose, he had deputized the sheriff of Lackawanna County to serve the writ according to law; and the sheriff of Lackawanna County would then have proceeded to serve the writ in one of the methods permitted by the act and make return thereof to the Court of Common Pleas of Luzerne County. The return in this case omits to state that the corporation defendant had no office or place of business in actual operation in the county in which the cause of action arose and that no member of its board of directors or other officer was a resident of the county in which the cause of action arose. If therefore the cause of action arose in Luzerne County, the return does not comply with the provisions of the Act of 1903 and is bad.

If, however, the cause of action arose in Lackawanna County (and the learned counsel for appellee contends that we can take judicial notice that such is the fact by virtue of the averment in the statement that the accident happened "about a mile north of Duryea Borough," citing Pearce v. Langfit, 101 Pa. 507), the plaintiffs' position is not bettered. In that event, the Act of 1903 makes no provision for process issuing out of Luzerne

County to be served on the defendant corporation in Lackawanna County and we must look to the Act of 1856, supra, for the proper mode of service. It provides that in case the president, treasurer, secretary or chief clerk of such corporation defendant does not reside or cannot be found in the county in which suit is brought the sheriff, or other officer, to whom such process is directed shall serve the same on any manager or director of such company being in such county; and in case no director or manager can be found in such county, it shall be lawful for the sheriff or such other officer to go into any county to serve the process aforesaid.

This requires the sheriff of Luzerne County, if he can find no director or manager of the defendant company in that county to go into Lackawanna County, and serve the writ and make return of such service. He may act either personally or by deputy duly appointed, but he himself makes return of such service to the court and is personally responsible for a false return. The mode of service directed by the Act of 1856 is not complied with by deputizing the sheriff of another county, who in his own name and in his own official capacity, and not as the deputy of the first sheriff, serves the writ and makes return of such service to the court out of which the writ issued. The Act of 1901, as amended by the Act of 1903, provides that in certain actions and under certain conditions the writ shall be served in another county than that in which it was issued, "by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issued," but that is not the same thing as directing the sheriff of the county in which the writ issued to go into another county and serve the writ, as provided in the Act of 1856.

When the sheriff of such other county than that in which the writ issues serves the writ as directed by the Act of 1901 or 1903, he serves it by authority of the legislature, and not as the deputy, as ordinarily understood, of the sheriff of the county in which it issues. The word

deputize as used in this connection, has the meaning of, delegate or commission, recognized by nearly all the leading lexicographers, rather than, to appoint as a deputy; for in the circumstances in which such mode of service is directed the sheriff of the county in which the writ issues could not himself serve the writ nor appoint his personal deputy to serve it; he must delegate his authority to the sheriff of the county in which the office or place of business of the defendant is located, and the latter serves the writ not in the name of the other sheriff but in his own name and personally makes return thereof and is personally liable for a false return. He, too, may act either personally or by deputy, (as was done in this case), in serving the writ, which would not be the case if he were merely acting as a deputy of the sheriff of the county where the writ issued, for a deputy has no authority to appoint a deputy.

To illustrate concretely. In the circumstances of the present case, if the cause of action had arisen in Luzerne County and suit was brought there but the writ could not legally be served therein, the sheriff of Luzerne County, under the Act of 1903, would be required to return that as the defendant corporation had no office or place of business in actual operation in the county in which the cause of action arose, etc., he had deputized [that is, delegated] the sheriff of Lackawanna County to serve the writ, and the latter would serve and return it in his official capacity as sheriff of Lackawanna County. He, (the sheriff of Lackawanna County), alone would have authority to serve it and make return of service and he, and not the sheriff of Luzerne County, would be responsible for a false return. On the other hand, if the cause of action arose in Lackawanna County and suit was brought in Luzerne County but the writ could not be served therein, the sheriff of Luzerne County would be required under the Act of 1856 to go into Lackawanna County and serve the writ and he and he alone

would make return of such service and would be responsible for a false return.

The return in this case did not comply with the provisions of the Act of 1856. It rather employed the method provided by the Act of 1903, which could only be used if the writ could not be served in the county in which the cause of action arose.

We have no doubt of the right of the plaintiffs to bring this action in Luzerne County, but if, as seems to be admitted, the cause of action arose in Lackawanna County, the writ must be served in strict conformity with the Act of 1856. As it was not so done in this case, the motion to set aside the service should have prevailed.

The order is reversed and the service of the summons is set aside at the costs of the appellee.

LINN, J., took no part in the discussion of this case.