### Fackenthall, Appellant, v. Wight.

Argued November 9, 1931.

Before
TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-
HAM, BALDRIGE and STADTFELD, JJ.

*Ben Branch,* for appellant.

*Frank P. Sharkey,* for appellee.

OPINION BY GAWTHROP, J., January 28, 1932:

This was an action of trespass, begun in Carbon
County by capias ad respondendum, against Paul S.
Wight to recover damages alleged to have resulted to

plaintiff from an automobile collision occurring in Carbon County. Bail was fixed at $500. The sheriff of Carbon County deputized the sheriff of Luzerne County to serve the capias, together with a copy of the statement of claim. The sheriff of Luzerne County made return by endorsement on the writ, "that he served the within capias ad respondendum, together with plaintiff's statement of claim, on Paul S. Wight on the 29th day of September, A. D. 1930, at 1 P. M., at Wilkes-Barre, in the County of Luzerne, State of Pennsylvania, by handing to him personally a true and attested copy of the capias ad respondendum and a copy of plaintiff's statement of claim, and made known to him the contents thereof, and that the person served was known by the officer to be the defendant in the proceedings." The sheriff of Luzerne County then returned the writ to the sheriff of Carbon County, together with a capias bond in the sum of $500, executed by Wight and a surety. This bond recited that Wight had been arrested on a capias ad respondendum issued out of the court of common pleas of Luzerne County in an action of trespass at the suit of plaintiff, Fackenthall. The sheriff of Carbon County endorsed on the writ the following return: "As to the within writ of capias ad respondendum I now hereby return C. C. et B. B. And as to the plaintiff's statement of claim filed in this cause I do now return that I served the same upon Paul S. Wight, the within defendant, by handing to him personally at his residence and dwelling house in Luzerne County, Pennsylvania, on September 29, 1930, a true and attested copy thereof."

The sheriff of Carbon County gave notice to plaintiff that the writ of capias received by him was about to be returned, together with the name and place of residence of the bail.

Plaintiff filed exceptions to the bail within the time

allowed him by the statute (Act of June 13, 1836, P. L. 568, Section 14), and the exceptions were served on the sheriff of Carbon County and on defendant. The exceptions complained, inter alia, that the surety had no estate within Carbon County, and that the bond did not require defendant to surrender himself into the custody of the sheriff of Carbon County, if he failed to satisfy the condemnation, money and costs (as required by this statute). After the expiration of the time allowed by the statute for the justifying of the bail or entering new bail, the court below, on motion of plaintiff, entered a rule on the sheriff of Carbon County to produce the body of defendant before the court within five days, or within that date to show cause why he should not be so produced. Plaintiff followed the proper practice provided defendant had been taken into custody in Carbon County. See T. & H. Practice, 6th Ed., Vol. 1, p. 333; Fitler v. Bryson, 6 W. & S. 566; White v. Fitler, 7 Pa. 533; Cummins v. Meeker, 2 Miles 83. In response to the rule granted upon him the sheriff, instead of producing the body of defendant, filed an answer that he was unable to produce the body of defendant before the court, because he could not be found in his bailiwick and had not been in his bailiwick at any time since the writ of capias came into his hands; that defendant was a resident of Luzerne County; that he had no authority under the writ to take his body in that county, or outside of his bailiwick; that he was advised that he was without authority in law to deputize the sheriff of Luzerne County to seize defendant under the writ; that he erroneously made return of "C. C." to the writ because he never personally took the body of defendant; that his return was made by reason of the following facts and circumstances: that upon receipt of the writ of capias he was informed by plaintiff's attorney that defendant was a resident of Luzerne

County and was directed by said attorney to deputize the sheriff of Luzerne County to serve the process in that county on defendant, and that, thereupon, he deputized the sheriff of Luzerne County to serve the writ according to law and forwarded it to that officer who made the return thereto, endorsed on the writ, together with the bond thereto attached. The answer averred further that the sheriff of Luzerne County made no return of C. C., and that his return did not authorize the sheriff of Carbon County to make return of C. C. His prayer was for permission to amend his return to the writ so that it read that "he served the within capias upon the within named defendant, Paul S. Wight, by handing to him personally at his dwelling house, No. 486 Carey Avenue, in the City of Wilkes-Barre, Luzerne County, Pennsylvania, a true and attested copy of the within capias and making known to him the contents thereof."

The court below permitted the sheriff so to amend his return and discharged plaintiff's rule on the sheriff to produce the body of defendant before the court. Plaintiff brings this appeal.

The action was brought under the provisions of Section 1208 of the Vehicle Code of 1929, P. L. 905, which provides that all civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought in the county where the alleged damages were sustained and that "service of process ...... may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant, or his registered agent, resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county." The grounds on which the court below undertook to justify the allowance of the amendment were: first, that the word "process" as

used in this section of the Vehicle Code refers to a summons only and not to a capias ad respondendum; and second, that as the writ of capias, which was in the form prescribed by Section 3 of the Act of June 13, 1836, P. L. 573, commanded the sheriff to take the body of the defendant, "if he shall be found in your bailiwick" and did not authorize the arrest of the defendant outside of the limits of Carbon County, service of the writ in Luzerne County by the sheriff thereof could be made only by serving the writ as in case of a summons, under the regulations of the Act of July 9, 1901, P. L. 614, which provides that a writ of capias ad respondendum "may be served by the sheriff of the county in which it is issued ...... by serving the writ as in case of a summons, if from any cause the defendant is liable to arrest but is not arrested."

In view of the conclusion which we have reached, it is unnecessary to decide the interesting question whether Section 1208 of the Vehicle Code of 1929 made defendant liable to arrest outside of the limits of Carbon County on the capias issued in that county. It will be time enough to decide that question when it is properly raised. The propriety of the order appealed from, which discharged the rule on the sheriff of Carbon County and permitted him to amend his return as prayed for, depends upon the answer to the question whether it was proper to enter the rule on the sheriff of Carbon County. When the sheriff of a county other than that in which the writ issues serves the writ as directed by Section 1208 of the Vehicle Code of 1929, " he serves it by the authority of the legislature and not as the deputy, as ordinarily understood, of the sheriff of the county in which it issues, ....... not in the name of the other sheriff, but in his own name, and personally makes return thereof" to the court of common pleas of the county in which the writ issues and is personally liable for a false return:

Barber & Co. v. Scranton Rwy. Co., 76 Pa. Superior Ct. 319. The only return that the sheriff of Carbon County could properly make was that he deputized the sheriff of Luzerne County to serve the writ according to law. It would have been entirely proper for the court below to permit him to amend his return to show that fact. The general rule is that a sheriff's return may always be amended so as to conform to the truth, unless some new right has arisen in the meantime, founded upon the defective return: Maloney v. Simpson, 226 Pa. 479. The sheriff of Carbon County had nothing to do with the service of the writ by the sheriff of Luzerne County or the making of a return thereof. The latter, if any one, is responsible for the correctness of the return as to the service of the writ, and for the sufficiency of the bail. See Section 16 of the Act of 1836, supra. Therefore, plaintiff was not entitled to a rule on the sheriff of Carbon County to show cause why the body of the defendant should not be produced. No error was committed in discharging the rule, but in making the order allowing the amendment to the sheriff's return the court fell into error.

The order is reversed.