## Watson v. Five Mountain Coal Company et al.

*M. J. Ryan,* for plaintiff; *R. A. Freiler,* for defendant.

HICKS, P. J., July 24, 1933.—The First National Bank of Shickshinny, Pa., is a corporation organized under the banking laws of the United States and doing all its business and having its sole place of business in Shickshinny, Luzerne County, Pa. On a judgment entered in this county against Five Mountain Coal Company and Moe Newman, an attachment execution was issued by this court against the First National Bank of Shickshinny, Pa. The Sheriff of Schuylkill County deputized the Sheriff of Luzerne County to serve the said writ, together with interrogatories, upon the garnishee in that county. Service was made by the Sheriff of Luzerne County upon the cashier of the said bank.

Contending that under this state of facts it was not subject to service in Luzerne County with the attachment execution issued out of Schuylkill County and that this court had no jurisdiction to issue the writ to be executed there, the defendant presented a petition to this court, which granted a rule on the plaintiff to show cause why the service of the writ should not be set aside. This was the proper procedure as laid down by the Act of March 5, 1925, P. L. 23, sec. 2.

As to the garnishee, he becomes a party defendant in the judgment on which the attachment execution issues; it is an original process, a summons commanding him to appear and show cause, if any he has, why judgment in favor of the plaintiff should not be levied on the goods and effects of the defendant in his hands: Kennedy v. Agricultural Ins. Co. of Watertown, 165 Pa. 179, 183. The Sheriff of Schuylkill County deputized the Sheriff of Luzerne County to

serve the writ, and the return of the latter shows that he served the cashier of the bank by handing him a copy of the writ and interrogatories at the bank. Assuming that service might have been made in Luzerne County, the return of service shows it was not made in the manner prescribed by law: Barber & Company v. Scranton Railway Company, 76 Pa. Superior Ct. 319, 322.

The principal question to be determined is whether the bank, whose sole office and place of business is in Luzerne County, may be served with an attachment execution issued upon a judgment in this county. The respondent urges that the attachment execution might be so served under section 2 of the Act of July 9, 1901, P. L. 614, as amended by the Act of April 3, 1903, P. L. 139, which provides: ". . . the writ of attachment in execution . . . may be served by the sheriff upon a corporation . . . in the county wherein it is issued, in any of the following methods:"

"(g) If the corporation . . . has no office or place of business in actual operation in the county in which the cause of action arose, and no member of its board of directors, or other officer, is a resident of the county in which the cause of action arose, then service may be made in any of the methods [hereinbefore] set forth . . . in any other county than that in which the writ issues, by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issues". This clause was construed by this court in the case of Olivia v. Mauser Mill Co., 11 Schuyl. 123, wherein the sheriff of this county deputized the Sheriff of Lehigh County to serve a writ of summons on the defendant company. Holding that this could not be done, we set aside the service of the writ.

In Park Brothers & Company, Limited, v. Oil City Boiler Works, 204 Pa. 453, 456, 457, it was held that the common-law rule as to suits against corporations is still the general rule in Pennsylvania, and any exceptions to it must rest on clear statutory authority; and no suit is authorized against a corporation except in a county where the corporate property is in whole or in part situated or where it transacts a substantial part of its business. Mr. Justice Mitchell, at page 457, in passing upon the Act of 1901, supra, after holding that the provisions of the said act relate solely to methods of service, declares: "No direct reference is made anywhere to the jurisdiction of the courts, nor is any such intent discoverable in the title. The only phrases from which said intent could be even remotely inferred are in the 2d section, . . . that the sheriff may serve the writ 'in the county wherein it is issued,' and the provision in clause (f) for service where the corporation has no office or place of business in actual operation 'in the county where the cause of action arose.' These are altogether insufficient to turn an act whose title and plain general purpose relate solely to methods of service, into one making substantial changes in the jurisdiction of courts and the liability of corporations to be sued. The words, 'county wherein it is issued,' and 'county where the cause of action arose,' mean county wherein it was legally issued, and county where the location of property or business gave jurisdiction to the courts under existing law."

"In the absence of some legislative permission, suit must be brought only where the principal office is located, and the service made as directed by the acts referred to, but an exception is upheld where the defendant corporation conducts a substantial part of its business in another jurisdiction, exercising its franchises, and locating there the whole or part of its property: Bailey v. Williamsport R. R. Co., supra [174 Pa. 114]; Hawn v. Penna. Canal Co., 154 Pa. 455. This is true both as to a domestic and foreign corporation: Eline v. W. M. R. R. Co., 253 Pa. 204. If, however, these conditions do not appear, the service upon an officer temporarily present in another county is ineffective . . .

and it is not sufficient that the business transacted in the jurisdiction in which the proceeding is instituted is merely transient; it must be shown to be habitual": Gengenbach v. Willow Grove Park Co., 280 Pa. 278, 281; Lobb v. Pennsylvania Cement Co., 285 Pa. 45, 47, 48; De Haas v. Pennsylvania Railroad Company, 261 Pa. 499, 501, 502; Frick & Lindsay Company v. Maryland, Pennsylvania, Etc., Company, 44 Pa. Superior Ct. 518, 523; M. Stipp Construc. Co. v. Sax and Abbot Construc. Co., 23 Dist. R. 118, 120; Woelpper et al. v. Wilkes-Barre & Hazleton R. R. Co., 24 Dist. R. 236, 237; Grube v. J. B. Colt Co., 29 D. R. 306, 307, 308; Thompson v. Rose Tree Hunt Club, 9 D. & C. 199, 200; Kincade et al. v. Maxwell, 15 D. & C. 445, 446.

Under the foregoing, we come to the conclusion that the attachment execution issued in this case could not be legally served upon the bank in Luzerne County and that the service is therefore invalid. For these reasons, we must set aside the service.

And now, July 24, 1933, the rule heretofore granted is made absolute, and the service of the attachment execution and of the interrogatories is hereby set aside at the cost of the plaintiff in the judgment.

From M. M. Burke, Shenandoah, Pa.