450

## Stinson et ux. v. Smith et al.

*Theodore Lane Bean*, for plaintiffs; *Larzelere & Wright*, for defendants.

CORSON, J., December 18, 1933.—The plaintiffs seek to recover from defendants upon a suit alleging trespass committed by defendants upon plaintiffs' real estate. The plaintiffs filed a præcipe for a writ of capias, together with an affidavit to hold to bail. Upon this affidavit the president judge of this court allowed a capias, fixed bail in the amount of $2,500 as to the defendant Smith, and required no bail as to Sell.

It now appears that Smith resides in Philadelphia County, and the sheriff refuses to deputize the Sheriff of Philadelphia County to serve the capias upon Smith. The plaintiffs therefore bring the present rule upon the sheriff to show cause why he should not so deputize the Sheriff of Philadelphia, which rule is now before us upon petition and answer.

The question to be decided is whether there is any statutory authority allowing the sheriff to deputize the Sheriff of Philadelphia to serve the capias issued in the present case. Plaintiffs rely upon the Act of April 25, 1929, P. L. 775, which reads as follows: "The writ of summons, in cases where a trespass or nuisance has been committed on real estate, and in cases arising from any contract relating to real estate may also be served in the manner provided by subsections one and two, in any other county than that wherein the real estate is located and in which the writ issues, by the sheriff of the county in which the writ issues."

Plaintiffs contend that, because the act allows deputized service of a summons, it necessarily includes a writ of capias. With this contention we cannot agree. The writ of summons brings the defendant into court to the extent that a judgment may be rendered against him if he does not appear and defend. A capias ad respondendum with bail brings the body of the defendant into court and into custody, unless defendant is able to obtain bail.

The Vehicle Code of 1929 allows deputized service of process in certain automobile accident cases. This act would seem to be more liberal in its scope than the Act of 1929, supra, which mentions summons only, yet Judge Gawthrop, in Fackenthall v. Wight, 104 Pa. Superior Ct. 215, was doubtful whether even the word "process" covered the writ of capias. Upon this point, see Commonwealth ex rel. v. Sheriff of Dauphin County, C. P. of Dauphin County, Merch term, 1924, no. 706, which holds deputized service of a capias to be bad even under The Vehicle Code.

The Act of July 9, 1901, P. L. 614, sec. 6, provides for the service of a writ of capias but makes no provision for deputized service such as the plaintiffs seek. The Act of June 13, 1836, P. L. 568, sec. 3, providing for the issuance of a capias instead of a summons, provides for a writ commanding the sheriff to take the body of the defendant "if he shall be found in your bailiwick." The form of the writ has not been changed, and the legislature has not, by the Act

of 1929, provided for service of the writ of capias beyond the bailiwick of the sheriff of the county wherein such writ may be issued.

And now, December 18, 1933, the rule is discharged, and an exception is allowed to the petitioner.          From Aaron S. Swartz, Jr., Norristown, Pa.