## Blose v. Corkins

*F. W. Culbertson* and *Robert Stuckenrath*, for petitioner.
*A. Reed Hayes* and *Harold W. Houck*, for respondent.

UTTLEY, P. J., December 31, 1934.—This is a rule, issued upon a motion of the defendant, to show cause why the exceptions filed by plaintiff to the bail given by defendant to the sheriff should not be dismissed.

The bail in this case was fixed by the court at $500, and the præcipe, plaintiff's statement, and the affidavit to hold to bail were all filed on October 4, 1934.

On October 13th, the sheriff took the defendant into custody and on the same day let the defendant to bail, taking the bail bond of the defendant with Robert R. Miller and Bertha Riden thereon as sureties. Written notice of the entry of bail by the defendant was given by the sheriff to the plaintiff, and the bail bond and said notice, with the acceptance of service thereof in writing by the counsel for plaintiff, were filed on October 19, 1934.

On October 25, 1934, the defendant filed an affidavit of defense, and on October 29, 1934, the plaintiff filed his exceptions to the bail given by the defendant to the sheriff, with the acceptance of service by the counsel for the defendant thereon dated October 26, 1934.

On October 29, 1934, the defendant through his counsel moved the court for a rule to show cause why the exceptions to the bail of the defendant in the case should not be dismissed, for the reason that the exceptions were filed subsequent to the filing of the plaintiff's statement of claim. A rule was issued and served in pursuance of this motion, and on November 9, 1934, the plaintiff through his counsel filed an answer thereto.

The question raised here is a very narrow one. Section 14 of the Act of June 13, 1836, P. L 568, provides that exceptions may be taken to bail given by the defendant to the sheriff on a capias ad respondendum, at any time within 20 days after the return day of the writ. The plaintiff filed his exceptions to the bail in this case on October 29th, the same day upon which the writ was returnable, so that in this particular there was a compliance with the statute.

It is contended by the defendant, however, that the plaintiff, having filed his statement of claim on October 4, 1934, when he filed his præcipe for the writ and his affidavit of claim, waived his right to except to the bail thereafter given by the defendant to the sheriff and not filed until October 19th.

In support of his contention, the counsel for the defendant cites and relies upon three cases, which are as follows. In Fitler v. Bryson, 6 W. & S. 566, action was brought against the sheriff after a judgment had been entered against the defendant and an execution issued thereon. In the capias ad respondendum, out of which the action against the sheriff grew, the plaintiff had excepted to the bail within 20 days after the return day of the writ, but the sureties did not justify nor was any other bail added or substituted. It was held in this case that by going on against the original defendant the plaintiff waived his exceptions to the bail, and the matter stood as if none had been taken, and that the plaintiff could not, therefore, have remedy by action against the sheriff. So also, in White v. Fitler, 7 Pa. 533, the action was against the sheriff for taking insufficient bail. The plaintiff in this case had commenced an action by capias against one Bremond which was returned "C. C. and B. B." Exceptions to the bail were filed and notice given to the sheriff. There was no justification, nor was any new bail entered. After the notice, plaintiff declared and proceeded to judgment. A fi. fa. and ca. sa. were issued and returned "n. b. and n. e. i." A nonsuit was entered in the action against the sheriff, because the plaintiff had waived his exceptions to the bail by declaring and proceeding to judgment against the defendant after the bail had been given and the plaintiff's exceptions thereto had been filed. In Commonwealth, ex rel., v. Heilman et al., 4 Pa. 455, which was a habeas corpus by the defendant to be released from the custody of the sureties on a bail bond in capias, the plaintiff in the capias had filed exceptions to the bail and the sureties had never justified, and no additional bail was entered. The return on the capias was "C. C. and B. B., and respondents bail." The declaration was subsequently filed, and judgment obtained against the defendant in the capias. It was held that the exceptions to bail were waived by proceeding, but the bail was not discharged.

None of the cases cited by the defendant applies to the case at bar. In all three of these cases, the plaintiff filed his declaration or proceeded to judgment against the defendant after the bail was filed and the exceptions taken thereto. They are authority only for the principle that if the plaintiff files his declaration or proceeds to judgment against the defendant after the bail bond has been filed and exceptions have been taken thereto, he waives his right to proceed on his exceptions and compel the bail to justify and in default thereof to rule the sheriff to bring in the body of the defendant.

In the case at bar, the plaintiff filed his præcipe for the writ, his affidavit to hold to bail, and his statement of claim all upon the same day, October 4, 1934. On October 19, 1934, the defendant's bail bond was filed and the plaintiff notified thereof. On October 29, 1934, the return day of the writ, just 10 days after the bail bond of the defendant was filed, the plaintiff filed his exceptions thereto and notified the sheriff thereof. From the time he filed his præcipe, affidavit, and statement of claim on October 4, 1934, the plaintiff has proceeded no further toward judgment against the defendant. He has done nothing since then but file his exceptions to the bail given by the defendant and insist upon the disposal of those exceptions by the court.

In all the cases cited, the plaintiff had taken some action or proceeded towards judgment against the defendant after the bail bond had been filed and excep-

tions taken thereto, which indicated a waiver. But in the case before us nothing has been done by the plaintiff since he instituted his suit but endeavor to get satisfactory bail before proceeding further with his action against the defendant.

Upon the record as it now stands, we are of the opinion that the plaintiff has not waived his right to except to the bail offered by the defendant and to compel the sureties of the defendant thereon to justify.  ·

### Decree

Now, December 31, 1934, after due consideration, the rule to dismiss the exceptions to the bail in the above stated case is hereby dismissed, and the defendant is hereby ordered and directed to justify his bail in the above stated case, before the president judge in chambers, within 20 days from this date.