## Meehan v. Baldwin

*J. B. Colahan,* for petitioner.

*Michael F. Donnelly* and *William Linton,* contra.

LAMBERTON, J., February 1, 1936.—Plaintiff is seeking to recover from defendant damages resulting from an automobile accident in the City of Philadelphia. Defendant resides in Montgomery County. A capias ad respondendum was issued, with bail fixed at $500. The matter is now before us on plaintiff's rule on the Sheriff of Philadelphia County to show cause why he should not deputize the Sheriff of Montgomery County to serve said capias and take defendant into custody in Montgomery County, the Sheriff of Philadelphia County having refused plaintiff's request so to do.

For a hundred years past, the law in regard to the writ of capias ad respondendum has been as fixed by the Act of June 13, 1836, P. L. 568, with slight amendments thereto. That act provides the form of the writ, the circumstances under which it may be issued, the taking of bail, the qualification of sureties, the form of the bond, the return of the same, notice of the taking of bail by the sheriff to the plaintiff, exceptions to the bail by the plaintiff, the justification of bail, the entry of additional or substituted bail, the liability of the sheriff, the duty of the sheriff in case bail is not given, the entry of special bail, the deposit of cash with the sheriff in lieu of bail, the duty of the sheriff in regard thereto, the rights of the plaintiff in respect to the money deposited in lieu of bail, etc.

The Act of 1836 is the only act upon which plaintiff can rely for the arrest of defendant in this action. But the Act of 1836 provides for the service of the capias in the same county in which it is issued, and counsel for plaintiff endeavors to overcome this difficulty by referring us to section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, which reads in part as follows:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; or action may be brought in the court of common pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county."

If the word "process" in the Act of 1929 includes a capias ad respondendum, as provided for in the Act of 1836, plaintiff is entitled to the relief asked for; otherwise he is not. This question must be answered by a determination of the legislative intent. Let us examine for a moment the practical aspects of the matter.

The Act of 1929, if it includes a capias ad respondendum, is not complete in itself. One must refer to the Act of 1836 for the details of procedure, etc. We then find that an act written with one county and one sheriff in contemplation presents ambiguities, uncertainties and insurmountable practical difficulties if applied to two counties and two sheriffs. A few of these problems are apparent in the case of Fackenthall v. Wight, 104 Pa. Superior Ct. 215, but an examination of the Act of 1836, and a consideration of the many difficult questions which may arise, reveals that their number is legion. If the legislature intended that the Act of 1929 should apply to a capias ad respondendum, it should have detailed at length the procedure to be followed. This the legislature did not do. We cannot conceive that the legislature intended to create a hopeless morass, and we therefore conclude that the word "process" in the Act of 1929 does not include a capias ad respondendum issued under the Act of 1836.

In the above we have not considered the Act of July 9, 1901, P. L. 614, which provides that a writ of capias ad respondendum may be served "as in case of a summons", without the arrest of the defendant. A writ of capias ad respondendum so served becomes, in effect, only a summons, and is subject to the law governing a summons. The Sheriff of Philadelphia County has offered to deputize the Sheriff of Montgomery County to serve the capias as in the case of a summons, but counsel for plaintiff insists that it be served as a capias by the arrest of defendant. To this he is not entitled.

It is to be noted that section 1208 of The Vehicle Code of 1929, as amended, provides that service may be made by deputizing the sheriff of the county wherein the regis-

tered agent of defendant resides. Such service is impossible if it is to be made under the Act of 1836 by the arrest of defendant, but is entirely proper if to be made under the Act of 1901 as in case of a summons.

And now, to wit, February 1, 1936, plaintiff's rule is discharged.