## Litomy et ux. v. Colonial-Berks Real Estate Company

*Groman & Rapoport*, for plaintiffs.
*Robert G. Kleckner*, for defendant.

HENNINGER, J., February 24, 1936. — The plaintiffs sued the defendant corporation in trespass, alleging the defendant to be their landlord and to have been negligent in permitting conditions to exist, upon the leased premises located in Lehigh County, which caused injury to the plaintiff Emma Litomy.

The defendant was served with the writ by the Sheriff of Berks County, acting upon deputization from the Sheriff of Lehigh County, handing a copy of the summons to the defendant's secretary in Reading, Berks County, the return showing that the defendant had no office or place of business in Lehigh County and that no officers of the defendant resided there.

The defendant moved to set aside the service and offered, in support of the motion, depositions to the effect that the corporation had no property, office, place of business, or officers residing within Lehigh County. The plaintiffs do not rely upon their allegation of the defendant's ownership of the premises upon which the injury

occurred as establishing jurisdiction, but depend, for jurisdiction over the defendant, upon section 42 of the Act of June 13, 1836, P. L. 568, 12 PS §1303, which reads:

"In actions for damages, occasioned by a trespass or injury done by a corporation, if the officers aforesaid of such corporation, or any of them, shall not reside in the county in which such trespass or injury shall be committed, it shall be lawful to serve the summons upon any officer or agent of the corporation, at any office or place of business of the corporation within the county, or if there be no such office or place of business, it shall be lawful to serve the summons upon the president, or other principal officer, cashier, treasurer, secretary, or chief clerk, in any county or place where they may be found."

It.is well settled that the Service Act of July 9, 1901, P. L. 614, as amended by the Act of April 3, 1903, P. L. 139, 12 PS §293, only provides methods for service of process where the court already has jurisdiction over the subject matter of the litigation, and does not in and of itself give jurisdiction over the subject matter or the parties.

It is equally clear that the Act of 1836, besides providing for service in trespass actions against corporations, by necessary implication confers jurisdiction over such actions upon the court of the county in which the trespass or injury occurred: Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114; DeHaas v. P. R. R. Co., 261 Pa. 499; Musselman v. York Bridge Co., 35 Pa. C. C. 532.

Our attention has not been drawn to any case in which our Supreme or Superior Court has expressly passed upon the Act of 1836, but in both Supreme Court cases above cited and in numerous others reference has been made thereto in unequivocal language to the effect that the common-law rule, that suit could be brought only in the county where the corporation had its official existence by reason of the location of its chief office there, had been

extended by the act to permit suits for trespass or injury by a corporation to be brought in the county in which the injury was done and to permit service beyond the county under certain circumstances.

Furthermore, there is no substantial difference between the language of the Act of 1836 and section 8 of the Act of March 21, 1842, P. L. 144, 67 PS §491, expressly passed upon in the DeHaas case, supra, and the Act of March 17, 1856, P. L. 388, 12 PS §1304, passed upon in Gengenbach v. Willow Grove Park Co., 280 Pa. 278.

The defendant intimates that it could not have caused the injury because it owns no property in Lehigh County, but that is begging the very question at issue. The plaintiff bases his claim for the jurisdiction of our court upon the Act of 1836, and for the purposes of this argument it is immaterial whether or not the defendant owns the property in which the injury is alleged to have occurred or any other property in Lehigh County. Its ownership of property goes to the merits of the case, not to the question of jurisdiction.

The defendant also raises the question whether actions of trespass on the case were contemplated by the Act of 1836. Since the act covers actions for any injury done by a corporation, and since a corporation always acts through agents, clearly such actions are contemplated.

If our court has jurisdiction over the subject matter of the controversy, namely, injury done in Lehigh County by a Berks County corporation, and we have held it does, the next question is whether we have proper service to obtain jurisdiction over the defendant. The service was strictly in accordance with the opinion of the Superior Court of Pennsylvania in Barber & Co. v. Scranton Ry. Co., 76 Pa. Superior Ct. 319. The actual decision there was that the service was bad because the suit was brought in another county than that in which the injury occurred, and the writ served by deputization in the defendant's home county, the one in which the injury did

actually occur. The court took a very strict and technical view of deputization, with which we are not now concerned.

The dictum of the Barber case, however, does state that where action is brought in the county in which the cause of action arose, service of the writ shall be made in accordance with the Act of 1903, supra. Assuming for purposes of argument that such was the case before it, the only fault found was failure of the sheriff to state that his county was the one in which the cause of action arose. This omission was supplied in our case, and therefore, under the Barber case, service was properly made.

Now, February 24, 1936, the rule to set aside service in the above-captioned action is discharged and the defendant ordered to file an affidavit of defense, if it so sees fit, within 15 days after service of this order upon it or its counsel.       From Edwin L. Kohler, Allentown.